642 So.2d 742 (1994)
STATE of Florida, Petitioner,
v.
Christopher Gene SUMMERS, Respondent.
No. 82632.
Supreme Court of Florida.
September 22, 1994.
*743 Robert A. Butterworth, Atty. Gen. and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for respondent.
KOGAN, Justice.
We have for review Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993). We accepted jurisdiction to answer the following question which was certified to be of great public importance:[1]
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TOWARD ANY NEWLY-IMPOSED TERM OF PROBATION SO THAT THE TOTAL PROBATIONARY TERM IS SUBJECT TO THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
625 So.2d at 880.
Upon revocation of Summers' probation and imposition of a new term of probation, the trial court in this case refused to give Summers credit for previous time served on probation for the same offense. Summers appealed, arguing that the new term of probation exceeded the statutory maximum when added to the time he had already served on probation. The Second District Court of Appeal agreed that Summers was entitled to credit for time already served on probation for the same offense. Thus, the court reversed and remanded with directions that Summers be given credit for the time already served toward the most recently imposed probationary term for the same offense. The district court then certified the above question for our review. Id. at 880.
We agree with the district court below that, upon revocation of probation, the time a probationer has already served on probation for a given offense must be credited toward any new term of probation imposed for that offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. The district court is correct that our decision in State v. Holmes, 360 So.2d 380 (Fla. 1978), does not mandate a contrary holding. As noted by the district court, Holmes did not deal with a new probationary term imposed after revocation of probation. Rather, that decision dealt with the initial imposition of a probationary split sentence. In that context, this Court held that the combined terms of incarceration and probation may not exceed the statutory maximum. 360 So.2d at 383. We went on to explain that if the probationary portion of the split sentence is subsequently revoked, a trial court may impose any sentence it might have originally imposed minus jail time already served as part of the same sentence but that no credit may be given for the time spent on probation. 360 So.2d at 383. The district court is correct that Holmes should be read to mean "only that the time already spent on probation may not be credited toward the new sentence, i.e., the term of incarceration imposed." 625 So.2d at 878. It should not be read to hold that time previously served on probation may not be credited toward a new probationary term after revocation of probation.
Likewise, section 948.06, Florida Statutes (1987),[2] cannot be read to preclude the crediting of time already served on probation in this case. Section 948.06 provides in pertinent part:
(1) ... If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
(2) No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve.
*744 Like our decision in Holmes, section 948.06(2) does not address the question presented here. It speaks only to the situation where a "sentence" is imposed upon revocation of probation or community control. A probationary period is not a "sentence." See Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1980); see also Committee Note, Fla.R.Crim.P. 3.790. As noted by the court below, to treat a term of probation like a "sentence" or term of incarceration in this context could result in probation being extended ad infinitum beyond the statutory maximum each time probation is revoked. 625 So.2d at 879 (citing Ogden v. State, 605 So.2d 155, 158 (Fla. 5th DCA 1992)). We agree that the legislature did not intend to allow such "ad infinitum" extensions of a probationary term that is otherwise subject to a statutory maximum. See Holmes, 360 So.2d at 383 (combined terms of incarceration and probation may not exceed the statutory maximum); Schertz v. State, 387 So.2d 477 (Fla. 4th DCA 1980) (statutory maximum must be observed when modifying or extending probation); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976) (original term of probation may not exceed statutory maximum).
Accordingly, we approve the decision below, and hold that upon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. We note, however, that where the total term of probation will not exceed the statutory maximum for a single offense, the court need not give credit for the time already served on probation. For example, when a defendant who had been given two years' probation for a third-degree felony violates probation after serving one year, the judge can impose up to three additional years of probation without giving credit for the one year already served because the total term of probation would not exceed the five year statutory maximum.[3]
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, HARDING and WELLS, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] The 1987 version of the statute applies in this case because Summers was originally placed on probation in 1988.
[3] We decline to address the issues raised in Summers' cross-petition.