643 So.2d 50 (1994)
Michael CRAIG, Appellant,
v.
STATE of Florida, Appellee.
No. 94-225.
District Court of Appeal of Florida, Fifth District.
September 23, 1994.
*51 James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Michael Craig appeals his sentence for unlawful purchase (possession) of cocaine.[1] We agree with all three contentions raised by Craig on appeal and, thus, we vacate Craig's sentence and remand for further proceedings consistent with this opinion.
The trial court sentenced Craig to two years of community control followed by three years of drug-offender probation. As a special condition of community control, the trial court ordered Craig to serve 200 days in the Volusia County Jail, with 67 days credit for time served. We vacate this sentence on the authority of State v. Davis, 630 So.2d 1059 (Fla. 1994); however, because the trial court did not realize that it was imposing a departure sentence, on remand the court may impose a departure sentence as long as proper contemporaneous written reasons are provided. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
We also agree that the trial court erred in requiring Craig to pay $60 to First Step of Volusia County without referencing the statutory authority for the imposition of such costs,[2] and in assessing a $100 public defender's lien without advising Craig of his right to a hearing to contest the amount of the lien as required by Florida Rule of Criminal Procedure 3.720(d)(1).[3] In resentencing Craig on remand, the trial court shall comply with rule 3.720(d)(1) before assessing a public defender's lien and, if the trial court reimposes the $60 costs to be paid to First Step of Volusia County, the trial court shall reference the statutory authority for the imposition of such costs.
Sentences VACATED; cause REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] See § 893.13(1)(a)1, Fla. Stat. (1993). See also § 893.03(2)(a)4, Fla. Stat. (1993).
[2] See Gedeon v. State, 636 So.2d 178 (Fla. 5th DCA 1994); Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA 1994), rev. denied, 640 So.2d 1109 (1994).
[3] Smith v. State, 622 So.2d 638 (Fla. 5th DCA 1993). We note that, in an apparent attempt to comply with rule 3.720(d)(1) and Bull v. State, 548 So.2d 1103 (Fla. 1989), the trial court orally notified Craig of the imposition of the $100 public defender's lien and then entered a written judgment in that amount, which stated: "YOU ARE HEREBY NOTIFIED THAT YOU HAVE 30 DAYS FROM THE ENTRY OF THIS JUDGMENT TO FILE A WRITTEN REQUEST FOR A HEARING TO CONTEST THE AMOUNT OF THE LIEN." The record, however, fails to reflect that a copy of this judgment was served on Craig or his attorney, or that Craig was apprised of his right to a hearing at sentencing.