644 So.2d 586 (1994)
Billy Gene BRAGG, Appellant,
v.
STATE of Florida, Appellee.
No. 94-180.
District Court of Appeal of Florida, First District.
October 28, 1994.
*587 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Billy Gene Bragg, appeals the judgment and sentence entered upon his revocation of probation. Appellant raises three issues as involving error. We find that only two issues have merit, and reverse and remand as to those issues.
Appellant argues that the trial court erred in imposing an illegal sentence because the sentence imposed exceeds the maximum permitted by statute for the underlying felony. On August 22, 1989, appellant pled no contest to burglary of a dwelling and was placed on probation for ten years, on the condition that appellant serve the first 11 months and 29 days in the county jail. Appellant's probation was later revoked and appellant was sentenced to the county jail for one year, followed by probation to expire on August 21, 1999. In October 1993, appellant's probation was again revoked. Appellant was adjudicated guilty and was sentenced to 4.5 years in prison, with credit for 499 days served, to be followed by eight years probation.
In imposing a sentence following a revocation of probation, the combination of sanctions imposed must not exceed the statutory maximum for the underlying offense. If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.
In the present case, the combination of the probationary term imposed upon revocation of probation (8 years), the prison term (including jail credit) imposed upon revocation of probation (4 years, 6 months), and earlier periods of probation (2 years, 9 months and 10 days) equals 15 years, 3 months, and 10 days. Burglary of a dwelling is a second-degree felony with a maximum term of imprisonment not exceeding 15 years. See section 775.082(3)(c), Florida Statutes (1989); section 810.02(3), Florida Statutes (1989). Thus, the sentence imposed exceeds the maximum statutory term of 15 years by 3 months and 10 days.
Because the trial court failed to give credit for the time appellant previously served on probation, we hold that appellant's sentence is illegal, and vacate the probationary portion of appellant's sentence. If, on remand, the trial court reimposes probation, the term of probation must not exceed 7 years, 8 months and 20 days, unless appellant is given credit for the time he previously served on probation.
Appellant argues that the trial court entered an erroneous judgment. Appellant asserts that the final judgment erroneously reflects a conviction for dealing in stolen property, rather than burglary of a dwelling. The state concedes that the final judgment erroneously reflects a conviction for dealing in stolen property, and that the case must be *588 remanded for correction of this scrivener's error.
Accordingly, we reverse and remand for resentencing and for correction of the scrivener's error in the final judgment. We affirm the judgment and sentence in all other respects.
ALLEN, WEBSTER and DAVIS, JJ., concur.