644 So.2d 1358 (1994)
STATE of Florida, Petitioner,
v.
Darrell ROUNDTREE, Respondent.
No. 83,839.
Supreme Court of Florida.
November 23, 1994.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Paul E. Petillo, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
We have for review Roundtree v. State, 637 So.2d 325 (Fla. 4th DCA 1993), in which the district court certified the following question as being of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION (AND/OR COMMUNITY CONTROL), CREDIT PREVIOUS TIME SERVED ON PROBATION (AND/OR COMMUNITY CONTROL) TOWARD A NEWLY IMPOSED PROBATIONARY TERM SO THAT THE TOTAL PROBATIONARY TERM *1359 SERVED AND TO BE SERVED DOES NOT EXCEED THE MAXIMUM SENTENCE ALLOWED BY LAW?
637 So.2d at 326. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
We recently answered a similar question in the affirmative in State v. Summers, 642 So.2d 742 (Fla. 1994). Because the decision under review is in harmony with our decision in Summers, we approve it.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.