656 So.2d 933 (1995)
Stacey Bernard GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1865.
District Court of Appeal of Florida, First District.
May 5, 1995.
*935 Nancy A. Daniels, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Joe S. Garwood and Charlie McCoy, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
ERVIN, Judge.
This appeal involves challenges to sentences imposed in four different cases below after appellant's fourth revocation of either probation or community control. We are asked to consider whether appellant's sentences are illegal, because probation was imposed concurrent with incarceration; whether they are illegal under Tripp v. State, 622 So.2d 941 (Fla. 1993); and whether they are violative of the Florida Youthful Offender Act. We conclude that sentences are illegal on all three points and therefore reverse and remand for resentencing.
By four separate informations filed between February 22, 1988 and July 11, 1988, appellant was charged with eight felony offenses, all of which were alleged to have occurred between January 24, 1988 and April 25, 1988. Case No. 88-518 involved two counts of third degree grand theft. Case No. 88-1146 charged one count of third degree grand theft auto, Case No. 88-2026 charged one count of third degree grand theft auto, and Case No. 88-2874 charged three counts of second degree dealing in stolen property and one count of third degree burglary of a conveyance.
With the exception of the burglary count in the final case, which was nolle prossed, appellant pleaded nolo contendere to all charges. He was initially sentenced in all cases on September 22, 1988, to specified terms including probationary periods.[1] Following the filing of affidavits of violation of probation and/or community control on four separate occasions, appellant's probation and/or community control was revoked and he was resentenced on November 30, 1989; March 30, 1990; February 1, 1991; and May 22, 1992. Each time appellant was sentenced, the sentences for all counts within a case were directed to be served concurrently, and the sentences imposed for each case were directed to be served concurrently to all the other cases.
In regard to Case No. 88-518, appellant was initially sentenced as a youthful offender on the two grand theft counts to concurrent terms of 30 months of imprisonment followed by 30 months of probation, with credit of 116 days for time served. This sentence was within the sentencing guidelines, which indicated a permitted sentencing range of 12 to 30 months of imprisonment. Appellant completed the term of incarceration on May 15, 1989, and began serving the probationary term. Following the first revocation of probation, he was sentenced on November 30, 1989, to two years of community control, which was also revoked, and appellant was sentenced on March 30, 1990, to two years of probation with the first 11 months, 29 days, to be spent at the Tallahassee Probation and Restitution Center. Following the third revocation, appellant was sentenced on February 1, 1991, to two years of community control, with credit for 30 months, 130 days time served. After the fourth revocation, appellant was sentenced on May 22, 1992, to 12 months of probation.
Appellant received the same sentences in Case No. 88-1146, although his credits for time served were slightly different.
In Case No. 88-2026, imposition of sentence was initially withheld on the grand theft count and appellant was placed on probation for 3 1/2 years. Appellant received the same sentences indicated above for the first, second and third revocations. After the fourth revocation, appellant was sentenced on May 22, 1992, to 3 1/2 years of probation.
In Case No. 88-2874, appellant received the same sentences imposed in Case No. 88-2026, *936 with the exception of the final sentence of May 22, 1992, which was five years in prison followed by five years of probation, with credit for 571 days time served. As the time to appeal all but the last sentences imposed on May 22, 1992 has long since expired, we are concerned only with the legality of these final sentences.
Under the first point, appellant contends that his sentences are illegal, because the court imposed concurrent terms of probation and incarceration, and he cites Clemons v. State, 629 So.2d 1067, 1068 (Fla. 2d DCA), review denied, 639 So.2d 976 (Fla. 1994), which holds that it is reversible error to impose probation and incarceration concurrently. See also Mitchell v. State, 594 So.2d 823 (Fla. 1st DCA 1992) (incarcerative portions of sentences must be served in a continuous period, to be followed immediately by the nonincarcerative portions). The reasons for this rule are the impossibility of complying with probation while in prison and the underlying concept of probation as rehabilitation, not punishment. Clemons, 629 So.2d at 1068 (citing Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985)).
Here, the May 22, 1992 written sentencing orders merely provide that the probationary sentences imposed in Case Nos. 88-518, 88-1146 and 88-2026 are to be concurrent to each other and Case No. 88-2874, but the sentencing transcript clearly indicates that the probationary terms imposed in the first three cases are to run concurrent with the probation in Case No. 88-2874. Because the probation imposed in Case No. 88-2874 was directed to be served subsequent to the incarceration imposed in that case, and because the probationary terms in the other three cases were orally directed to be served concurrent with the probationary term in Case No. 88-2874, there was no Clemons violation. As, however, the written order is ambiguous as to whether the probationary terms are to run concurrently with the incarceration imposed in Case No. 88-2874, we reverse and remand with directions to conform the written sentencing orders to the oral pronouncement, thereby clearly indicating that the probationary terms are to be served concurrent to the probation imposed in Case No. 88-2874.
Under the second point, appellant contends that he is entitled, under Tripp v. State, 622 So.2d 941 (Fla. 1993), to credit for the original 30-month sentences imposed in Case Nos. 88-518 and 88-1146 against the May 22, 1992 sentence imposed in Case No. 88-2874, which was five years of incarceration followed by five years of probation. Tripp involved a situation in which the defendant was sentenced to straight incarceration for one offense and to a consecutive term of probation for a second offense. He completed the sentence of incarceration for the first offense and violated the terms of his probation. Upon revocation of probation, the trial court sentenced Tripp to incarceration, but gave him credit for the previous prison term. The appellate court reversed the award of credit for time served, holding that Tripp was not entitled to credit because his original sentences were imposed for separate convictions. Nonetheless, the court expressed concern that its holding might conflict with the spirit of the sentencing guidelines.
Our supreme court, after noting that one guidelines scoresheet must be utilized for all offenses pending before the court for sentencing, found that the total incarceration imposed, both originally and upon revocation, exceeded and was therefore inconsistent with the guidelines.[2] The court therefore held "that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Tripp, 622 So.2d at 942 (footnote omitted).
Although appellant's sentences here are not straight incarceration in one case followed by consecutive terms of probation in another case, as in Tripp, the initial probationary term imposed in the fourth case, No. 88-2874, was necessarily consecutive to the incarceration imposed in the first two cases, *937 Nos. 88-518 and 88-1146. Appellant is therefore entitled to credit for the initial 30-month terms on the incarceratory sentence imposed on May 22, 1992, in Case No. 88-2874. If appellant is not given such credit, then the guidelines will be exceeded without a written departure reason, as was done in Tripp. This can be seen by the fact that appellant's original guidelines sentence was 12 to 30 months, or 2 1/2 years. With four bump-ups, the permitted range is 5 1/2 to 7 years. If appellant is not given credit for the original 2 1/2 years, his five-year incarceratory sentence results in 7 1/2 years in prison, which exceeds the guidelines.
Under the final point, appellant complains that his sentences violate the Florida Youthful Offender Act, sections 958.011-.15, Florida Statutes (1987). Although the sentencing forms in Case Nos. 88-518 and 88-1146 clearly indicate that appellant was sentenced as a youthful offender, the sentencing forms for Case Nos. 88-2026 and 88-2874 do not. Moreover, the judge's oral pronouncement of sentence in regard to those two cases does not mention youthful offender sentencing. However, the September 22, 1988 sentencing transcript reflects that the prosecutor agreed to youthful offender sentencing, and the court apparently complied with that agreement, as evidenced by comments that the total period of supervision was six years (2 1/2 of prison followed by 3 1/2 of probation). Thus, it appears that appellant was sentenced as a youthful offender in all four cases.
Section 958.04, Florida Statutes (1987), authorizes a trial court to sentence a defendant who is between the ages of 18 and 21 as a youthful offender. The court may place a youthful offender on probation or in a community control program, impose a split sentence of probation or community control after completion of a specified period of incarceration, or impose a period of incarceration. § 958.04(2)(a)-(d), Fla. Stat. (1987). The sentence imposed shall not exceed the statutory maximum for the offense involved, and the total sentence shall not exceed six years. Id.
In regard to a revocation of community control or probation, section 958.14, Florida Statutes (1987), provides:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
In interpreting the above statute, this court has held that a youthful offender who is resentenced after a violation of probation or community control can be resentenced to a term of incarceration no longer than six years or for a period not exceeding the statutory maximum for the offense, whichever is less, with credit for time served while incarcerated. Watson v. State, 528 So.2d 101, 103 (Fla. 1st DCA 1988). Moreover, once a defendant is sentenced under the provisions of section 958.04, a court may not reclassify the defendant and sentence him or her in a manner inconsistent with section 958.04. See Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988) (where defendant was originally sentenced as youthful offender on two counts of sexual battery, trial court could not, upon revocation of probation, sentence defendant to 15-year sentences, but could only resentence the defendant to six years of incarceration, with credit for time previously served while incarcerated).
The supreme court approved Watson in State v. Watts, 558 So.2d 994 (Fla. 1990). In that case, two defendants were sentenced as youthful offenders to four years of incarceration followed by two years of community control for armed robbery. Once released from prison, they violated their community control. The court thereafter revoked their community control, declined to continue their status as youthful offenders, and resentenced them to ten years in prison, with credit for time served. The supreme court held that the trial court was limited by section 958.14 to imposing incarceratory sentences of not more than six years, with credit for time served.
*938 Applying the above law to the instant case shows that the sentence imposed on May 22, 1992, in Case No. 88-2874, must be reversed, because it exceeds the six-year limit set out in section 958.04. It was not until this final revocation that appellant was actually sentenced to prison, and at that time he was sentenced to five years of incarceration, with credit for 571 days time served, followed by five years of probation. Section 958.04(2)(c) provides, however, that "[t]he period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed 6 years." Since the total sentence here is ten years, the statute has been violated and appellant's sentence for Case No. 88-2874 must be reversed.
Determining the legality of the remaining three sentences is more difficult, as none of them was for more than six years, or rather five years, since the remainder of the offenses were third degree felonies. Section 958.14 merely provides that, upon revocation of probation or community control, credit need be given for time served while incarcerated. No mention is made of time previously served on probation or community control. Thus, the state argues that since appellant has not received more than five years of incarceration in Case Nos. 88-518, 88-1146 or 88-2026, his sentences do not violate the youthful offender act.
Because a youthful offender is subject to the provisions of section 948.06(1) when he or she violates probation or community control, case law interpreting that statute is applicable. Section 948.06(1), Florida Statutes, provides that adults who violate probation or community control may be sentenced to "any sentence which [the court] might have originally imposed."[3] The law is clear that whenever time is spent in prison or jail on a particular sentence, no matter what kind of sentence is imposed upon a subsequent revocation, credit must always be afforded for such prison and/or jail time. See State v. Holmes, 360 So.2d 380 (Fla. 1978); State v. Green, 547 So.2d 925 (Fla. 1989). The question then arises as to what credit must be given when a sentence other than straight incarceration is given upon a revocation. This issue has been considered in two supreme court decisions.
In State v. Summers, 642 So.2d 742 (Fla. 1994), our supreme court considered the following certified question from the Second District:
"Must a trial court, upon revocation of probation, credit previous time served on probation toward any newly-imposed term of probation so that the total probationary term is subject to the statutory maximum for a single offense?"
In that case Summers was originally sentenced to probation and when that was revoked, he was again sentenced to probation. The trial court refused to give Summers credit for any time previously served on probation, and Summers argued that the new probationary term exceeded the statutory maximum. The Second District reversed, holding that Summers was entitled to credit for time previously served on probation and certified the above question. The supreme court agreed with the Second District and held that "the time a probationer has already served on probation for a given offense must be credited toward any new term of probation imposed for that offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense." Id. at 743. In so doing, the court noted that State v. Holmes, 360 So.2d 380 (Fla. 1978) (combined terms of incarceration and probation cannot exceed the statutory maximum), should be read to mean only that time already spent on probation may not be credited toward a new sentence of incarceration. Summers, 642 So.2d at 744. In determining that section 948.06, Florida Statutes, did not require that probationary credit be forfeited when a new probationary sentence is imposed, the court said that the statute did not address probationary periods, which were not "sentences." Id. at 744. If probation were treated like a sentence or term of incarceration, it could be *939 extended ad infinitum beyond the statutory maximum each time probation was revoked. The court therefore answered the certified question in the affirmative.
More recently, in State v. Roundtree, 644 So.2d 1358 (Fla. 1994), our supreme court answered the following question certified by the Fourth District:
"Must a trial court, upon revocation of probation (and/or community control), credit previous time served on probation (and/or community control) toward a newly imposed probationary term so that the total probationary term served and to be served does not exceed the maximum sentence allowed by law?"
The supreme court answered this question in the affirmative, citing Summers.
Although the actual sentences imposed in Roundtree are not identified in either the supreme court or the Fourth District's[4] opinions, one must assume that Roundtree's sentences did include community control terms, since the supreme court is only required to answer real questions in controversy. Thus, the rule established in Roundtree is that when a probationary term is imposed upon a revocation of either probation or community control that all time previously served on either probation or community control must be credited.
In the instant case, appellant, when sentenced on May 22, 1992, received probationary sentences in the first three cases, Nos. 88-518, 88-1146 and 88-2026. Thus, according to established legal principles, he was entitled to credit for the initial 2 1/2 years spent in prison and all time for probation and community control previously served. Holmes, Green, Summers, Roundtree. As appellant was either in jail or on probation or community control continuously from his release from prison on May 15, 1989, any time served after November 15, 1991 exceeded the statutory maximum. Thus, the sentences imposed on May 22, 1992 were illegal, as they all exceeded the statutory maximum when credit for previous time served on probation and/or community control is considered.
Having concluded that the sentences imposed in all four cases are illegal for different reasons, the question remains as to what sentences the trial court may impose on remand. We cannot answer that question, because what credits appellant is entitled to receive depends upon what sentence is to be imposed. Based on established sentencing principles, if the trial court chooses to impose straight incarceration upon resentencing, the court must give credit for all time previously spent in prison and in jail. Any incarceratory sentence must be consistent with the sentencing guidelines and Tripp, as well as the youthful offender act, which limits the court to sentencing up to the statutory maximum for third degree felonies and up to six years for the second degree felonies. If the court chooses to impose straight probation, then under Roundtree and Summers, credit must be given for all time previously served on probation and community control, as well as all time served in prison or jail. If the court opts to impose incarceration together with probation, then under Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994), because a probationary term is involved, credit must be given for all time served in prison and/or jail and probation. Application of Roundtree to Bragg would result in credit being required for all time spent on community control as well. Finally, if a sentence of straight community control is given, then, by way of analogy to Summers, and as the Second District admitted in Williams v. State, 629 So.2d 174, 176 (Fla. 2d DCA 1993), review denied, 642 So.2d 748 (Fla. 1994), credit must be given for all time previously served on community control, as well as prior prison and jail time.
REVERSED and REMANDED for resentencing in accordance with this opinion.
JOANOS, J., concurs.
WOLF, J., specially concurs with opinion.
WOLF, Judge, specially concurring.
I write to express the same frustration expressed by this court in Eanes v. State, 648 So.2d 174 (Fla. 1st DCA 1994). The decision in State v. Summers, 642 So.2d 742 (Fla. *940 1994), creates an anomalous situation that "[a] trial court hearing a violation of probation for a defendant who is at or near the end of the permissible statutory term will have no choice but to opt for the harsher sanctions of community control or incarceration." The logic of this result escapes me.
NOTES
[1] A single guidelines scoresheet was used in sentencing appellant.
[2] Tripp's original guidelines sentence was 4 1/2 years. With a one cell bump-up the maximum sentence upon revocation was 5 1/2 years. Tripp's original sentence of 4 years, when added to the 4 1/2 year sentence upon revocation, totaled 8 1/2 years.
[3] Note that section 948.06(2), Florida Statutes, which provides that "[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve," is not specifically referenced in section 958.14.
[4] Roundtree v. State, 637 So.2d 325 (Fla. 4th DCA 1994).