662 So.2d 332 (1995)
Jesse WATERS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 85267.
Supreme Court of Florida.
August 31, 1995.
Rehearing Denied November 2, 1995.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief/Criminal Appeals and Thomas Crapps, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
We have for review the following question certified to be of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION FOLLOWING COMPLETION OF COMMUNITY CONTROL, CREDIT TIME PREVIOUSLY SERVED ON PROBATION AND COMMUNITY CONTROL TO ANY NEWLY IMPOSED TERM OF IMPRISONMENT AND PROBATION FOR THE SAME OFFENSE, SO THAT THE TOTAL PERIOD OF COMMUNITY CONTROL, PROBATION, AND IMPRISONMENT ALREADY SERVED AND TO BE SERVED DOES NOT EXCEED THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Waters v. State, 650 So.2d 232 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Consistent with our recent decisions in State v. Roundtree, 644 So.2d 1358 (Fla. 1994), and State v. Summers, 642 So.2d 742 (Fla. 1994), we answer the certified question in the affirmative.
*333 On June 4, 1991, Jesse Waters, Jr. pled no contest to a charge of purchase of cocaine, a second-degree felony which has a maximum sentence of fifteen years. §§ 775.082(3)(c); 893.13(1)(a)1., Fla. Stat. (1991). At that time, Waters was placed on community control for one year, to be followed by ten years of probation. In October 1993, an affidavit for violation of probation was filed. Waters admitted the violation in November, 1993. On December 20, 1993, Waters' probation was revoked and he was adjudicated guilty and sentenced to three and one-half years in prison, with credit for 55 days served, to be followed by ten years' probation.
Waters appealed arguing that the new sentence was illegal because when combined with time already spent on community control and probation it exceeds the fifteen-year statutory maximum. The First District Court of Appeal affirmed Waters' sentence, but certified the above question to this Court.
In answering the certified question, we must look to our decisions in Roundtree and Summers. In Summers we held that upon revocation of probation, credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. 642 So.2d at 743. In Roundtree, we extended this reasoning to community control and held that time spent on probation or community control must be credited to a newly-imposed term of probation for the same offense so that the total term of probation and community control served does not exceed the statutory maximum for an offense. 644 So.2d at 1358-59.
This case is distinguishable from our prior decisions in Roundtree and Summers because Waters was not merely placed on further probation or community control after his probation was revoked. Rather, he was given a probationary split sentence  three and one-half years of prison, to be followed by ten years of probation. See Poore v. State, 531 So.2d 161 (Fla. 1988). Thus, we must decide whether the reasoning of Summers and Roundtree should apply on these facts.
We find the First District's handling of the issue in Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994), persuasive. In that case, Bragg pled no contest to burglary of a dwelling and was placed on probation. Bragg's probation was revoked twice after a portion of the two terms of probation plus a one-year jail term had been completed. The last time Bragg's probation was revoked, he too was sentenced to a probationary split sentence  four and one-half years in prison, with credit for time served in jail, to be followed by eight years probation. As is the case here, the total of the probationary split sentence and the earlier periods spent on probation exceeded the fifteen-year statutory maximum for the underlying offense. Id. at 587.
In addressing Bragg's claim that the combination of the probationary and jail terms served and to be served exceeded the statutory maximum, the First District held:
In imposing a sentence following a revocation of probation, the combination of [new] sanctions imposed must not exceed the statutory maximum for the underlying offense. If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.
644 So.2d at 587. We agree with the Bragg court's treatment of the issue and adopt its reasoning as our own. This is consistent with our previous decisions in Summers and Roundtree and also is in harmony with section 948.06(1), (2), Florida Statutes (1993).[1]
Accordingly, we answer the certified question in the affirmative, quash the decision *334 under review, and remand for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 948.06(1) states that if probation or community control is revoked, the court may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation or community control." Section 948.06(2) provides that "[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve."