PER CURIAM.
Appellant challenges the sentences imposed in two cases following the revocation of probation and in a third case for new substantive offenses. We affirm the sentences imposed for the new substantive offenses but reverse the sentences in the two cases where probation was revoked.
At the sentencing hearing, the appellant was sentenced for a new substantive offense in circuit court case number 93-3022 and for violations of probation in circuit court case numbers 92-1365 and 87-3216. We find no error in the calculation of the scoresheet nor the sentences imposed for the new offenses in circuit court ease number 93-3022 and affirm those sentences. However, the trial court erred in imposing the concurrent sentences of five years in prison for the violations of probation in circuit court ease numbers 92-1365 and 87-3216. These sentences were improper because the statutory maximum for each of these third degree felonies was five years in prison and the trial court did not credit appellant for prison time he had already served in these cases. State v. Holmes, 360 So.2d 380 (Fla.1978); § 775.082(3)(d), Fla.Stat. (1993). See also Waters v. State, 662 So.2d 332 (Fla.1995).
We reverse each of the five year prison sentences in circuit court case numbers 92-1365 and 87-3216 and remand for resentenc-ing.
Affirmed in part; reversed in part; remanded.
SCHOONOVER, A.C.J., and PATTERSON and FULMER, JJ., concur.