665 So.2d 344 (1995)
James A. MEADER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1446.
District Court of Appeal of Florida, Fourth District.
December 27, 1995.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
This case concerns the proper credit for time spent on community control and probation to which a defendant is entitled against a split sentence imposed after a revocation of probation.
On May 8, 1992, Appellant pled no contest to rioting, a third degree felony carrying a maximum sentence of five years imprisonment. §§ 870.01(2), 775.082(3)(d), Fla. Stat. (1991). He was sentenced to one year of community control, followed by four years of probation.
On March 28, 1995, Appellant entered a plea admitting to violations of probation.[1] The court revoked his probation and sentenced him to four years in prison, followed by one year of probation. Against the prison sentence, Appellant received 76 days of credit for the time spent in jail before the imposition of sentence. Against the new period of probation, he received no credit for the time previously spent on probation and community control.
The state concedes that Waters v. State, 662 So.2d 332 (Fla.) reh'g denied, No. 85,267 (Fla. Nov. 2, 1995), requires that this case be remanded for resentencing. Waters involved a defendant originally sentenced to one year of community control followed by ten years of probation on a second degree felony. Over two and one-half years later, Waters' probation was revoked and he was sentenced to three and one-half years in prison, with credit for 55 days served, to be followed by ten years of probation. On the *345 post revocation sentence, Waters received no credit for the time he had served on community control and probation. The supreme court reversed, holding that the terms of all sentences ever imposed in the case exceeded the 15 year statutory maximum for a second degree felony.
In imposing a sentence following a revocation of probation, the combination of [new] sanctions imposed must not exceed the statutory maximum for the underlying offense. If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.
Waters, 662 So.2d at 333, quoting Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994). In this case, the total period of community control and probation already served, together with the new split sentence of imprisonment and probation, exceed the five year maximum for a third degree felony. Pursuant to Waters, Appellant is entitled to credit for time previously spent on probation and community control against the probation portion of the split sentence under review.
Appellant also contends that the time he spent on community control and probation should count as a credit toward the incarceration portion of his newly imposed split sentence. This argument stretches Waters beyond its proper scope. The holding in Waters required only that the defendant receive credit against his post revocation probation sentence for time spent on probation and community control prior to revocation. Nothing in the opinion extends this probation/community control credit to post revocation incarceration. Twice in Waters the supreme court declared an intent that the case be read consistently with State v. Summers, 642 So.2d 742 (Fla. 1994). Waters, 662 So.2d at 333. Summers indicated that when the probationary portion of a split sentence is revoked, the trial court may impose any term of incarceration it might have originally imposed, less jail time already served. Summers, 642 So.2d at 743. Summers specified that time spent on probation before revocation may not be credited toward the term of incarceration imposed as a result of the violation. Id. In addition, section 948.06(2), Florida Statutes (1993) provides that "[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve." This statutory reference to a "sentence" means incarceration imposed upon revocation of probation. See id.; § 948.06(1), Fla. Stat. (1993) (stating that if probation or community control is revoked, the court may "impose any sentence which it might have originally imposed"). The supreme court declared that its holding in Waters is "in harmony" with section 948.06(2). Waters, 662 So.2d at 333. Appellant's attempt to credit time on probation and community control against his post revocation incarceration is dissonant with both Waters and section 948.06(1), (2), Florida Statutes (1993).
Our holding here is consistent with Gonzales v. State, 658 So.2d 1091 (Fla. 4th DCA 1995), cited by Appellant. Convicted of a second degree felony, the defendant in Gonzales was sentenced to fifteen years of probation. After successfully serving ten years of this term, his probation was revoked and he was sentenced to seven years of incarceration to be followed by three years of probation. Gonzales unsuccessfully argued in the trial court that he should have received credit for the ten years he already had served on probation. In reversing for resentencing, we noted that Gonzales was "not entitled to credit for the entire ten year period under Florida Statutes Section 948.06(2)." Gonzalez, 658 So.2d at 1092. As in this case, we did not authorize a credit against incarceration for time spent on probation.
We reverse and remand for further proceedings consistent with this opinion.
GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] Two previous violations of community control and probation resulted in sentence modifications without changing the length of the original sentence.