PER CURIAM.
The appellant, Larry James, challenges the trial court’s judgments and sentences. After a review of the record in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the appellant’s convictions without discussion. However, we must reverse the probationary terms imposed upon revocation of probation.
The appellant pled guilty to the charges of exploitation of an aged person in violation of section 415.111, Florida Statutes (1991). At the same time, appellant was charged with and he admitted violating probation in two *1073 other cases. The trial court sentenced appellant to five years in prison for the exploitation of an aged person conviction. The court also revoked the two existing probation terms and placed appellant on new five year probation terms. The court ordered the probation terms to run consecutive to each other and consecutive to the prison term.
We find no reversible error in connection with appellant’s conviction and prison sentence for exploitation of an aged person and affirm the conviction and sentence. However, we must reverse the two new probation terms imposed upon the revocation of appellant’s probation in those cases, because appellant was not given credit for the time previously served on probation. State v. Summers, 642 So.2d 742 (Fla.1994). Appellant has previously served time on probation in those two eases and credit for that time must be applied to the new probationary terms so that the total time on probation does not exceed the statutory maximum of those offenses. Summers, 642 So.2d at 743.
Accordingly, we reverse and remand for resentencing with directions that appellant be given credit for time previously served on probation toward any newly imposed probationary term.
Affirmed in part; reversed in part; and remanded with directions.
THREADGILL, C.J. and RYDER and SCHOONOVER, JJ., concur.