671 So.2d 299 (1996)
Mark VAUGHN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0986.
District Court of Appeal of Florida, Fifth District.
April 12, 1996.
*300 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, E. Paul Stanley, Assistant Attorney General, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Mark Vaughn, defendant, appeals his sentence imposed following a violation of probation, arguing that the trial court erred in two respects: (1) by departing from the sentencing guidelines permitted range without written reasons, and (2) by imposing a sentence which exceeds the statutory maximum. We affirm in part and reverse in part.
In November 1991, the defendant pleaded guilty to charges of possession of burglary tools, a third-degree felony, and possession of controlled substance, a first-degree misdemeanor. He was placed on three years probation for the burglary conviction and a concurrent term of one year probation for possession of controlled substance conviction. In March, after determining that the defendant had violated his probation, the trial court sentenced him to 366 days in prison followed by one year probation.
Relying on State v. Davis, 630 So.2d 1059 (1994), and Craig v. State, 643 So.2d 50 (Fla. 5th DCA 1994), the defendant argues that his sentence was an improper departure from the sentencing guidelines. He argues that the trial court could have sentenced him to prison, community control, or probation, but not a combination of any two or more of these options. He contends that by imposing the sanctions of both prison and probation, the trial court sentenced him improperly under the guidelines. His argument, however, is without merit.
Both Davis and Craig dealt with sentences quite dissimilar from the one imposed here. Both cases addressed the specific issue of whether the trial court could impose both a term of incarceration and community control without departing from the guidelines. While both courts concluded that such sentences would require departure from the guidelines, neither addressed the question of whether a probationary split sentence, providing for a term of incarceration followed by probation, is a departure sentence requiring written reasons. Moreover, we find no other authority supporting the defendant's claim of error.
The defendant's second claim of error is that the trial court failed to award credit for time served on probation as required by Waters v. State, 662 So.2d 332 (Fla.1995). He maintains that, without such credit, his cumulative sentence exceeds the statutory five-year maximum sentence authorized for a third-degree felony. In Waters, the defendant was placed on one year community control followed by ten years probation. Upon violation of probation, he was sentenced to 3½ years incarceration followed by ten years probation. The court held that Waters was entitled to credit for time served on community control and probation. Id. at 337. The supreme court approved the holding in Bragg v. State, 644 So.2d 586, 587 (Fla. 1st DCA 1994):
In imposing a sentence following a revocation of probation, the combination of [new] sanctions imposed must not exceed the statutory maximum for the underlying offense. If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation, together with other sanctions (including jail and prison credit) and the time previously served on probation, total more than the statutory maximum for the underlying offense.
Thus, the defendant is entitled to receive credit for time served previously on probation against the probationary portion of the newly imposed split sentence under review. *301 To the extent this credit was not awarded, there was error. Waters does not require, however that credit for time served on probation be applied toward the incarcerative portion of the split sentence as the defendant argues. See Meader v. State, 665 So.2d 344 (Fla. 4th DCA 1995); § 948.06(2), Fla.Stat. (1993).
We affirm in part, reverse in part, and remand for resentencing consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.