ON MOTION FOR CLARIFICATION
BY ORDER OF THE COURT:
Upon consideration of the motion for clarification filed by the appellee, the State of Florida, on November 8, 1996, it is ORDERED that the motion for clarification is granted and the prior opinion filed November 6, 1996, is withdrawn. The attached opinion is substituted for it.
PER CURIAM.
In 1990 the appellant was adjudicated guilty of DUI with serious bodily injury (Count I) and grand theft of a motor vehicle (Count II). He now appeals the split sentence imposed on him upon revocation of community control. He claims that the new combination of incarceration and probation exceeds the statutory maximum when it is coupled with the time he has already served on probation and community control, citing State v. Summers, 642 So.2d 742 (Fla.1994). We disagree with the appellant’s interpretation of Summers and, accordingly, affirm the incarcerative portion of the sentence imposed. As explained below, the probationary portion of the sentence must be reversed and recalculated on remand.
On March 13, 1990, the trial court initially imposed upon the appellant consecutive terms of probation for the two counts mentioned above, both third degree felonies. The probationary terms were five years each. Upon subsequent and repeated violations, the trial court revoked the appellant’s probation several times. At the first revocation the trial court ordered that the appellant’s probationary terms be changed to community control. The trial court also ordered that the two community control terms be concurrent instead of consecutive as the previous probationary terms had been.[1]
Four years and seven months after first being put on probation, and after several more revocations and reimposition of community control, the trial court revoked the appellant’s community control and imposed the sentence of two years’ incarceration followed by eight years’ probation which is the sentence currently before us for review. The appellant argues that the total of this new sentencing scheme, ten years, added to the approximately four years and seven months he has already served on probation and community control, exceeds the statutory maximum of five years. What the appellant fails to recognize is the interplay between Summers[2] and sections 948.06(1) and 948.06(2), Florida Statutes (1989). Summers held that upon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. Summers, 642 So.2d at 743 (emphasis ours). Section 948.06(2) provides that no part of probation or community control time served may be credited toward a term of incarceration imposed upon revocation of probation or community control. Summers reiterated this concept by specifying that probation time before revocation may not be credited toward the term of incarceration imposed upon revocation. Id. at 743. Section 948.06(1) provides that if probation or community control is revoked, the sentencing court may impose any sentence it could have originally imposed. Our supreme court in Waters v. State, 662 So.2d 332 (Fla.1995), has dealt with this interplay. In Waters, the defendant’s probation was revoked and the trial court imposed a split sentence which, like the appellant’s here, if coupled with the time already served on probation, would exceed the statutory maximum allowed. The supreme court harmonized Summers and subsections (1) and (2) of section 948.06 by adopting the reasoning of Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994). The Fourth District in Meader v. State, 665 So.2d 344 (Fla. 4th DCA 1995), dealt with the same issue faced in Waters, Bragg, and the instant case, and explained that the defendant’s “attempt to credit time on probation and community control against his post[-]revocation incarceration is dissonant with both Waters *890 and section 948.06(1), (2), Florida Statutes (1993).” Meader, 665 So.2d at 345.
Because the trial court in the case before us imposed a probationary split sentence of two years’ incarceration followed by eight years’ probation which, when added to the time the appellant has already served on probation, exceeds the statutory maximum for the third degree felony the appellant was convicted of, a violation of the rule in Waters has occurred. We, therefore, reverse only the probationary portion of the appellant’s sentence and remand for resentencing. On remand, if the combined total of incarceration and probation added to the time already served on probation exceeds the statutory maximum, the trial court must give the appellant credit for all time previously served on probation against the newly-imposed probationary term. Trial courts sentencing defendants upon revocation of probation must be mindful of the accumulated totals of probation time already accrued so that split sentences upon revocation of probation do not violate Waters. See Meader for a clear exposition of the principles to keep in mind when imposing split sentencing after revocation of probation.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with Waters.
DANAHY, A.C.J., and CAMPBELL and PATTERSON, JJ., concur.

. If there is to be any credit given for the time served on probation before the first revocation on November 18, 1991, this first amount of credit relates only to Count I. This is so because until the first revocation the appellant was only serving the probation for that first count. After November 18, 1991, any probation or community control credit accruing will be applicable to both counts because from this date forward the appellant was serving concurrent terms.

. Added to this interplay must also be considered subsequent cases interpreting Summers, most notably State v. Roundtree, 644 So.2d 1358 (Fla.1994), which held that time served on community control must be added to credit for time previously served on probation when calculating probation time remaining to be imposed upon revocation.