ON CONCESSION OF ERROR

PER CURIAM.
The defendant seeks review of the denial of his Rule 3.800 motion to correct illegal sentence. We reverse in part.
In 1993, Carroll was charged with one count of committing a lewd assault upon a child under the age of sixteen, in violation of section 800.04, Florida Statutes (1993). That offense is a second degree felony which carries a maximum penalty of fifteen years. See § 775.082, Fla. Stat. (1993). On April 20, 1993, the defendant was sentenced on that charge to 364 days in jail, to be followed by ten years probation.
An affidavit of violation of probation was filed on March 22, 1994, and an amended affidavit of violation was filed in 1997. The trial court subsequently entered an order on May 15, 1997, revoking the defendant’s probation. Upon the revocation of his probation, the defendant was then sentenced to ten years in prison, to be followed by five years probation. He was not given credit for the time he spent on probation after he was originally sentenced on the same charge in 1993.
Because the total of the split sentence terms imposed upon the revocation of his probation, plus the time he previously served on probation for the same offense of lewd assault upon a person under the age of sixteen, exceeds the statutory maximum for that offense, the time the defendant previously spent on probation must be credited toward the probation portion of the newly imposed split sentence. See Sinks v. State, 691 So.2d 1202 (Fla. 4th DCA 1997); Vaughn v. State, 671 So.2d 299 (Fla. 5th DCA 1996). For this reason, as the state concedes, the cause must be remanded for the trial court to determine the appropriate period of probation time to be credited toward the probationary portion of the split sentence. The defendant’s remaining contention is without merit.