BROWNING, J.
Appellant, James Michael Hughes (Hughes), appeals an Order denying his Florida Rulé of Criminal Procedure 3.800 motion for post-conviction relief. Hughes alleges the trial court erred in failing to grant him credit for all prison time he actually served before violating his probation. We agree and reverse.
On June 2, 1992, Hughes pled nolo con-tendere in four separate cases to one count of burglary of a structure, one count of escape, one count of aggravated battery, and one count of resisting arrest with violence. All offenses were factors that were weighed at the original sentencing through the use of a single guidelines scoresheet. Pursuant to a plea agreement, Hughes was given a split sentence of ten years of im *587 prisonment followed by five years of probation on all offenses.
Hughes was committed to the Department of Corrections until completion of the ten-year inearcerative portion of his sentence, whereupon he was released to the five-year probationary portion of his sentence. Hughes violated probation, was re-adjudicated guilty of all of the offenses and, pursuant to a plea agreement, was resentenced to four years’ imprisonment for all offenses. At resentencing, the trial court awarded Hughes 179 days of pre-sentence jail credit but failed to award him pre-sentencing credit for all prison time served on his sentence.
A prisoner, sentenced to prison for violating probation that constitutes the second portion of a split sentence is entitled to credit for time actually served in prison, prior to commencement of the probationary term. Tripp v. State, 622 So.2d 941, 942 (Fla.1993); Gardner v. State, 656 So.2d 933, 939 (Fla. 1st DCA 1995). In fact, if a trial court imposes probation on one offense consecutively to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense. Cook v. State, 645 So.2d 436, 437 (Fla.1994), citing Tripp, 622 So.2d at 942. Based upon established sentencing principles, if the trial court chooses to impose straight incarceration upon resentencing, the court must give credit for all time previously spent in prison and jail. Gardner, 656 So.2d at 939.
Because the trial court failed to give Hughes credit for all of the time he actually served on the original ten-year sentence, we REVERSE and REMAND for resen-tencing.
ERVIN, and LAWRENCE, JJ., CONCUR.