PER CURIAM.
The appellant challenges his probationary split sentences imposed on February 6, 2002. He timely filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, essentially asserting that, pursuant to Waters v. State, 662 So.2d 332 (Fla.1995), he was entitled to credit towards the probationary portion of his split sentences for time previously spent on probation. The state conceded error, and the trial court entered amended orders purporting to adjust the termination dates for the underlying sentences. But the amended orders were not entered within 60 days from the filing of the appellant’s motion as required by the rule. Consequently, the trial court lacked jurisdiction to enter the amended orders. See Campbell v. State, 789 So.2d 1213 (Fla. 1st DCA 2001). Accordingly, the sentences imposed on February 6, 2002, are REVERSED, the amended orders entered on July 22, 2002, are QUASHED, and the *761 case is REMANDED for resentencing in accordance with Waters.
ALLEN, C.J., WEBSTER and BROWNING, JJ., concur.