927 So.2d 1040 (2006)
Edward HUGHES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D05-529, 4D05-530, 4D05-701.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
*1041 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his sentences on violations of community control. He argues the trial court erred in failing to give him credit for the time served on community control before the violations. We agree and reverse.
On July 28, 2004, the defendant entered a plea of nolo contendre in case number 04-8197 to possession of cocaine and drug paraphernalia. On the same day, the defendant entered another plea of nolo contendre in case number 04-6005 to possession of cocaine and drug paraphernalia. In both cases, the trial court sentenced him to two years of community control followed by three years of drug offender probation.
The defendant began his community control sentences on July 28, 2004. On October 28, 2004, the State charged the defendant with new charges of possession of cocaine and drug paraphernalia in case number 04-17528. Three days later, affidavits of violation were filed in the two earlier cases.
On the two violations of community control and the new substantive charge, the trial court sentenced the defendant to 38.1 months in state prison followed by two years drug offender probation. The combined sentence was 62.1 months. The defendant appealed his sentences on the three cases. We consolidated the appeals.
After filing the notices of appeal, but before filing his initial briefs, the defendant filed a motion to correct sentencing error. He argued his 62.1 month sentence violated the statutory maximum sentence for possession of cocaine and asked the trial court to reduce his probationary term by 2.1 months. He also requested credit for the months served on community control prior to his violation. The trial court reduced the defendant's sentence to 38.1 months in state prison followed by 21.9 months probation to conform to the 60-month maximum allowable sentence, but did not give the defendant credit for the time served on community control.
On appeal, the defendant continues to argue he is entitled to credit for the months served on community control. The State concedes the point. Our supreme court has stated:
In imposing a sentence following a revocation of probation, the combination of [new] sanctions imposed must not exceed the statutory maximum for the underlying offense. If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on *1042 probation total more than the statutory maximum for the underlying offense.
Waters v. State, 662 So.2d 332, 333 (Fla. 1995) (quoting Bragg v. State, 644 So.2d 586, 587 (Fla. 1st DCA 1994)); see also Meader v. State, 665 So.2d 344 (Fla. 4th DCA 1995).
Possession of cocaine is a third degree felony for which the maximum term of imprisonment is five years. §§ 893.13(6)(a), 775.082(3)(d), Fla. Stat. (2004). His current sentences require him to serve 38.1 months in state prison followed by 21.9 months probation, totaling five years. However, the defendant has already served 91 days on community control. The defendant must be given credit for those 91 days.
Reversed and Remanded.
STONE and FARMER, JJ., concur.