WOLF, J.
Appellant raises two issues concerning his sentencing for 200 counts of possession of child pornography. We find one has merit: Whether the trial court reversibly erred by failing to award appellant credit for time served on probation for counts 122-200, the counts for which the trial court had sentenced appellant to probation.
In State v. Summers, 642 So.2d 742, 744 (Fla.1994), the supreme court held: “[U]pon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.”
In Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994), this court reiterated the supreme court’s holding in Summers. Specifically, this court stated:
If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.
Id. at 587. Accordingly, as appellant argues and the State concedes, appellant was entitled to credit for time served in counts 122-200.
We, therefore, reverse and remand for the trial court to give appellant credit for time previously served on probation for counts 122-200. Appellant need not be present for the ministerial function of entering an order complying with the dictates of this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
POLSTON and THOMAS, JJ„ concur.