PER CURIAM.
 

 Appellant appeals the sentence entered upon his revocation of probation. Appellant argues that the trial court erred in imposing an illegal sentence because the probationary sentence imposed for counts 122-200, combined with previous time served in jail, exceeds the maximum statutory sentence for the underlying felony. The State concedes that Appellant is entitled to additional credit for time previously served in jail.
 
 State v. Rabedeau,
 
 2 So.3d 191, 194 (Fla.2009) (“[I]f multiple convictions result in concurrent sentences, credit must be awarded for time served on each sentence in any resentencing for the multiple convictions.”);
 
 Bragg v. State,
 
 644 So.2d 586, 587 (Fla. 1st DCA 1994) (“If the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maxi
 
 *714
 
 mum for the underlying offense.”). We accordingly reverse the sentence and remand for the trial court to credit Appellant on counts 122-200 for time previously served in jail.
 

 REVERSED and REMANDED.
 

 DAVIS, BROWNING, and THOMAS, JJ., concur.