STEVENSON, J.
The defendant, Jesse Thompson, was serving a concurrent one-year probationary sentence on each of three first degree misdemeanor charges. Approximately eight months into his sentence, the defendant pled guilty to violating probation and the trial court sentenced him to a year of probation, with the special condition of nine months in county jail. No credit was given the defendant for the time he had already served on probation. The defendant argues that the sentence imposed following his violation of probation is illegal as the combination of the probation he had already served and the newly-imposed probationary sentence exceeds the statutory maximum penalty for the underlying offenses. We find merit in the defendant’s argument and reverse.
Each of the defendant’s underlying crimes is a first degree misdemeanor and thus carries a statutory maximum penalty of a term of imprisonment not exceeding one year. See §§ 316.193(2)(b)2. (DUI impairment with priors), 316.1939(1) (refusal to submit to breathalyzer), 322.34(2)(b) (driving with suspended license, with prior conviction), 775.082(4)(a) (first degree misdemeanor punishable by term of imprisonment not exceeding one year), Fla. Stat. (2010). The combination of the more than eight months the defendant had already served on probation and the new one-year probationary term exceeds the statutory maximum for his offenses, which were ordered to run concurrently both at the original sentencing and at the hearing on the violation of probation. See State v. Summers, 642 So.2d 742, 744 (Fla.1994) (“[Ujpon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.”). We thus reverse the sentence imposed and remand for resentencing.

Reversed and Remanded.

DAMOORGIAN and CONNER, JJ„ concur.