# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2767
Lower Tribunal No. CF18-004153-XX

_____

ADRIAN A. WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

December 20, 2024

ON CONCESSION OF ERROR

PER CURIAM.

Adrian Williams appeals the judgment and sentence imposed by the trial court after the revocation of his earlier term of probation that he was serving for his offense of fleeing and eluding a law enforcement officer, a third-degree felony. Following the revocation, the trial court sentenced Williams to serve 364 days in the county jail, to be followed by a new three-year term of probation.

Prior to filing his initial brief in this direct appeal, Williams filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to correct two sentencing errors. First, Williams asserted that his current split sentence was unlawful because it exceeded the sixty-month statutory cap for his crime, as he was not given credit for the time that he had previously served in the case on probation and in jail or prison.[1] *See Waters v. State*, 662 So. 2d 332, 333 (Fla. 1995) (holding that if the trial court includes probation as part of a sentence, upon revocation of probation, it must give the defendant credit for all time previously served on probation if the new period of probation together with other sanctions—including jail and prison credit—and the time previously served on probation total more than the statutory maximum for the underlying offense). As a result, Williams argued that his total sentence was approximately sixty-four months.

Second, Williams asserted that the special condition of his probation that required that he consent to random warrantless searches and seizures by law enforcement officers was unlawful and unconstitutional. *See Grubbs v. State*, 373 So. 2d 905, 909 (Fla. 1979) (holding that while a warrantless search of a probationer by the probation officer is allowed, this general authority does not extend to all law enforcement officers and requiring a defendant, as a condition of probation, to

___

[1] Williams had apparently accumulated 402 days of jail and prison credit when he was sentenced following the revocation of probation and had been on probation for over fourteen months when the affidavit of violation of probation was filed.

consent to random warrantless searches by law enforcement officers violates the federal and Florida constitutional proscriptions against unreasonable searches and seizures).

The trial court, in fact, granted Williams's rule 3.800(b)(2) motion; however, it did not do so within sixty days from when Williams filed the motion. Resultingly, by law, the motion is deemed denied; and the order granting Williams's motion is a nullity. *See Summerson v. State*, 374 So. 3d 898, 899 (Fla. 6th DCA 2023) ("The trial court did not rule on the [rule 3.800(b)(2)] motion to correct sentencing error within sixty days and it was therefore deemed denied by the passage of time.") (citation omitted); *Andrillon v. State*, 49 Fla. L. Weekly D2249 (Fla. 6th DCA Nov. 8, 2024) (holding that "[a]lthough the trial court did enter an order granting [the appellant's] motion, it did not do so within sixty days of the motion" and therefore, "under [rule 3.800(b)(2)], the motion is deemed denied and the order is a nullity" (internal citations omitted)).

The State has filed a notice conceding that the trial court erred by effectively denying Williams's rule 3.800(b)(2) motion. We accept and agree with the State's concession of error.

Accordingly, we reverse the judgment and sentence and remand with directions that following issuance of our mandate, the trial court enter an amended judgment and order of probation that is consistent with *Waters*. We also direct that

3

this amended order of probation not include as a special condition of probation that Williams be required to consent to random warrantless searches and seizures by law enforcement officers.

REVERSED and REMANDED, with directions.

WHITE and BROWNLEE, JJ., and LAMBERT, B.D., Associate Judge, concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Alicia M. Winterkorn, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED