KLEIN, Judge.
Appellant sought relief under Florida Rule of Criminal Procedure 3.800(a), by moving to correct an illegal sentence based on a guilty plea, alleging that the requirements of Ashley v. State, 614 So.2d 486 (Fla.1993), were not met. We conclude that this type of challenge to a sentence cannot be made under rule 3.800(a) and therefore affirm the trial court’s denial of the motion. ,
In Ashley, the Florida Supreme Court held in a plenary appeal that the state is required to serve written notice of its intent to seek habitualization prior to entry of a guilty or nolo contendere plea, and before a court may accept a guilty or nolo plea from an eligible defendant, it must ascertain that the defendant is aware of the possibility and reasonable consequences of habitualization.
Although Ashley was a plenary appeal, in Fountain v. State, 626 So.2d 1119 (Fla. 4th DCA 1993), this court held that whether the Ashley requirements were complied with could be challenged in a rule 3.850 motion. We have not yet addressed the issue of whether a sentence can be challenged for this deficiency under rule 3.800.
In Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla.1992), which was decided prior to Ashley, the defendant filed a motion under rule 3.800 alleging that his sentence was illegal because he did not receive the state’s written notice of enhancement and did not know that the state was seeking an enhanced sentence pursuant to section 775.084, Florida Statutes (1989). On appeal of the denial of that motion, Judge Altenbernd, speaking for the second district en banc, stated:
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process. Unlike a motion pursuant to rule 3.850, the motion can be filed without an oath because it is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing.
Id. at 77-78.
The second district concluded that the notice deficiency raised by the defendant in Judge could not be raised under rule 3.800(a). We agree with the reasoning of the second district and apply it here since there is no relevant distinction between the grounds for challenging the sentence in Judge and the grounds in the present case.
We therefore affirm the denial of the rule 3.800(a) motion without prejudice to defendant’s moving to withdraw his plea under rule 3.850.
Affirmed.
GUNTHER and PARIENTE, JJ., concur.