719 So.2d 1 (1998)
James R. WOODALL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04562.
District Court of Appeal of Florida, Second District.
January 30, 1998.
James R. Woodall, appellant, pro se.
No appearance for Attorney General.
PER CURIAM.
James R. Woodall seeks review of the trial court's order denying his motion for postconviction relief. The trial court determined that Woodall's motion was untimely because it was filed more than two years after the date that Woodall's judgment and sentence became final. See Fla. R. Crim. P. 3.850(b). For the reasons stated below, we find that the two-year time limitation only applied to one of Woodall's two issues. Accordingly, we reverse the trial court's order and remand the case to the trial court to address Woodall's argument that he received an illegal sentence.
Woodall raised two arguments in his motion. The first argument clearly seeks to correct what is purported to be an illegal sentence, while the second seeks postconviction relief from procedural errors that allegedly occurred during sentencing.
In his first argument, Woodall seeks credit toward his new probation sentence for time spent on probation and time spent in a drug treatment program. He also seeks credit toward his two consecutive prison sentences for time spent incarcerated. While there may be many reasons why Woodall's first argument should fail, timeliness is not one of them. If Woodall's argument is correct and he did not receive the credit to which he is entitled, the sentences may exceed the statutory maximum allowable for those offenses; in which case, the sentences would be illegal. See State v. Summers, 642 So.2d 742 (Fla.1994); see also Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) ("[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines").
Florida Rule of Criminal Procedure 3.800(a) provides: "A court may at any time correct an illegal sentence imposed by it or *2 an incorrect calculation made by it in a sentencing guideline scoresheet." See also Fla. R. Crim. P. 3.850(b) ("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time"). Thus, Woodall's first argument is not subject to the two-year time limitation period.
In his second argument, Woodall argues that the sentencing court failed to inform him, during his plea colloquy, of the maximum allowable sentences. He also argues that he was not informed that he would receive consecutive sentences, rather than concurrent sentences, in the event he violated his community control. And finally, he argues that he was not informed that he would not be eligible for early release credits.
While Woodall's second argument avers that Ashley[1] errors occurred during sentencing, those errors, if proven, would not constitute an illegal sentence. See Souza v. State, 639 So.2d 676 (Fla. 4th DCA 1994) (holding that rule 3.800(a) cannot be used as a vehicle to seek relief from errors of the procedural category which occur during the imposition of punishment). Therefore, the trial court was correct in rejecting Woodall's second argument as untimely. See Fla. R. Crim. P. 3.850(b).
In conclusion, we find that Woodall's first argument is not barred by the two-year limitation period, and we reverse the trial court's order on that basis. On remand, the trial court should attach portions of the record refuting Woodall's claim or, if necessary, hold a limited evidentiary hearing to determine whether Woodall received the credit to which he was entitled.
Reversed and remanded.
PARKER, C.J., and PATTERSON and WHATLEY, JJ., concur.
NOTES
[1] Ashley v. State, 614 So.2d 486 (Fla.1993).