PER CURIAM.
John Mark Anderson appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm the trial court’s denial of relief, but write because the trial court’s analysis was flawed when it failed to address and refute Anderson’s claim that he was illegally ha-bitualized.
Anderson filed a prior motion to correct illegal sentence in this same case, which raised a double jeopardy claim. The trial court denied relief in an order rendered September 16, 1998. Anderson appealed that order, and this court affirmed. See Anderson v. State, 728 So.2d 213 (Fla. 2d DCA 1999). In September 1999, Anderson filed another motion seeking to have his habitual offender sentences declared illegal under Ashley v. State, 614 So.2d 486 (Fla.1993). The trial court denied the motion as successive and attached the earlier order denying relief. Rule 3.800 contains no proscription against the filing of successive motions. SeeBarnes v. State, 661 So.2d 71 (Fla. 2d DCA 1995). Nonetheless, a defendant is not entitled to successive review of a specific issue which has already been decided against him. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996). In this case, Anderson’s prior motion, and the order denying relief, did not address his claims that his habitual felony offender sentences were illegal under Ashley. His current motion therefore is not barred as successive.
We nevertheless affirm the order denying Anderson’s claims because Ashley errors cannot be raised in a motion to correct illegal sentence. See Woodall v. State, 719 So.2d 1 (Fla. 2d DCA 1998) (holding Ashley-type errors would not constitute an illegal sentence and must be raised in a timely motion for postconviction relief).
Affirmed.
PARKER, A.C.J., and CASANUEVA and STRINGER, JJ., Concur.