824 So.2d 1061 (2002)
Keith THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2226.
District Court of Appeal of Florida, Fifth District.
September 6, 2002.
Keith Thomas, Sneads, pro se.
No Appearance for Appellee.
SHARP, W., J.
Thomas appeals from the trial court's denial of his "Motion for Leave to File Successive 3.850 Motion." We affirm.
Thomas was convicted and sentenced on July 1, 1997 in a criminal case. He did not appeal. He filed a post-conviction motion, asserting a Heggs[1] issue. The defendant was resentenced under Heggs. The resentencing order was affirmed. See Thomas v. State, 795 So.2d 77 (Fla. 5th DCA 2001).
Thomas then filed a petition for a belated appeal, which this court denied. See Thomas v. State, Case No. 5D01-3321 (denied 12/04/01). Thomas then filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), which was denied and the denial was affirmed by this court on appeal. See Thomas v. State, 812 So.2d 431 (Fla. 5th DCA 2002).
In this proceeding, Thomas asserts that he was unaware and misguided as to when a proper motion under rule 3.850 should be filed. The trial court correctly denied the motion because it is successive and untimely. Thomas' motion was filed well beyond the two-year time limit after his conviction and sentence became final.[2] Nor has Thomas demonstrated in this proceeding any basis to come under an exception to the time limit.[3] We warn Thomas against bringing additional successive and improper collateral attacks on his 1997 conviction and sentence as it may result in an order from the court barring him from filing additional pleadings attacking that conviction and sentence, pro se. See State v. Spencer, 751 So.2d 47 (Fla.1999).
AFFIRMED.
THOMPSON, C.J., and PALMER, J., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000).
[2] Fla. R.Crim. P. 3.850(b).
[3] Fla. R.Crim. P. 3.850(b)(1) & (2).