848 So.2d 385 (2003)
Quincy Bernard JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1288.
District Court of Appeal of Florida, Fifth District.
June 6, 2003.
Rehearing Denied July 3, 2003.
Quincy Bernard Jones, Century, pro se.
No Appearance for Appellee.
ORFINGER, J.
Quincy Bernard Jones seeks review of an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In this proceeding, Jones asserts *386 that his sentence exceeds the sentence stated in the plea agreement. We affirm.
This motion is successive. In a prior rule 3.800(a) motion, Jones raised the very same issue that is the subject of this appeal. Based on the supreme court's recent decision in State v. McBride, No. 02-627, 28 Fla. L. Weekly S401, 848 So.2d 287, 2003 WL 21088088 (Fla. May 15, 2003), his claim is barred under the collateral estoppel doctrine. Thus, he is precluded from arguing in a successive 3.800 motion the same issue argued in the prior motion.
We caution Jones against filing additional successive and improper motions. Enough is enough. See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995); see also Thomas v. State, 824 So.2d 1061 (Fla. 5th DCA 2002).
AFFIRMED.
THOMPSON, C.J. and PLEUS, J., concur.