SHARP, W., J.
McCullough appeals from the trial court’s order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800, to correct an illegal sentence. He seeks to challenge the propriety of his habitual offender sentence. We affirm because the motion is successive and without merit.
This same issue was presented to this court in Appeal No. 99-1081, when McCullough appealed from a summary denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800. This court affirmed without opinion. McCullough v. State, 736 So.2d 1204 (Fla. 5th DCA 1999). A defendant is not entitled to successive review of a specific issue which has already been decided against him. Anderson v. State, 779 So.2d 345 (Fla. 2d DCA 2000).
In this proceeding, McCullough simply adds the case of Ashley v. State, 850 So.2d 1265 (Fla.2003) as fresh authority for his argument. In that case the trial judge orally sentenced the defendant as an habitual felony offender. Three days later the defendant was returned to the court and resentenced as an habitual violent felony offender, and given a more onerous sentence. The Florida Supreme Court held this violated the defendant’s constitutional right against double jeopardy. It also held that the judge’s oral pronouncement controls, even if the judge is mistaken in pronouncing the defendant an habitual felony offender rather than an habitual violent felony offender.
In this case, McCullough was not resen-tenced, so Ashley is inapplicable. Further, the transcript from the sentencing hearing indicates the judge sufficiently “pronounced” McCullough an habitual offender, as the prior panel from this court concluded. The judge made the findings required for habitualizations and then he said: “[McCullough] is classified as an habitual felony offender and I will enter a written order with those findings of fact.”
We warn McCullough against filing additional improper and successive pleadings in this case. Should he choose to do so, this court will order him to show cause why he should not be barred from filing pleadings with this court challenging his *568 conviction and sentence for this 1997 criminal case, in which he was convicted of carjacking and for which he received a thirty-year sentence as an habitual offender. See Noojin v. State, 855 So.2d 1157 (Fla. 5th DCA 2003); Camaroto v. State, 851 So.2d 772 (Fla. 5th DCA 2003); Thomas v. State, 824 So.2d 1061 (Fla. 5th DCA 2002).
AFFIRMED.
PETERSON and TORPY, JJ., concur.