ON MOTION FOR REHEARING

PER CURIAM.
We elect to treat Jones’ petition for reinstatement due to newly discovered evidence as a motion for rehearing, and deny it. There are two reasons for our denial: 1) it is untimely, having been filed 33 days after this court’s order dismissing the original petition; and 2) it is improper to raise new issues in a motion for rehearing as this motion attempts to do. See Araujo v. State, 452 So.2d 54 (Fla. 3d DCA 1984).
Because of Jones’ numerous filings in this court, we caution Jones against filing additional successive and improper pleadings.[1] Further abuse of the appellate process may subject Jones to an order barring him from filing any additional pro se pleadings in this court, regarding his criminal case.
DENIED.
SHARP, W., SAWAYA, and MONACO, JJ., concur.

. See Jones v. State, Case No. 5D02-1831 (dism. 8/7/02) (belated appeal); Jones v. State, Case No. 5D02-2607, aff'd, 829 So.2d 234 (Fla. 5th DCA 2002) (3.800), Jones v. State, Case No. 5D02-3149 (denied 10/23/02) (belated appeal); Jones v. State, Case No. 5D02-3967 (dism. 1/2/03) (habeas corpus); Jones v. State, 5D03-597 (denied 3/11/03) (habeas corpus belated); Jones v. State, Case No. 5D03-1286, aff'd, 848 So.2d 338 (Fla. 5th DCA 2003) (3.850); Jones v. State, Case No. 5D03-1288, aff'd, 848 So.2d 385 (Fla. 5th DCA 2003); Jones v. State, 5D03-1518, aff'd, 849 So.2d 319 (Fla. 5th DCA 2003) (3.800); Jones v. State, 5D03-1983 (denied 10/15/03) (belated *1257 appeal); Jones v. State, Case No. 5D03-3623 (denied 12/18/03) (mandamus).