983 So.2d 708 (2008)
John BOLHORST, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-428.
District Court of Appeal of Florida, Fifth District.
June 6, 2008.
*709 John Bolhorst, Lowell, pro se.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Bolhorst appeals from the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). As to ground one of Bolhorst's motion, the State concedes error.
In 1991, Bolhorst pled guilty to burglary of a dwelling. He received a split sentence of six years incarceration followed by four years probation. In 1994, Bolhorst's probation was revoked and he was sentenced to nine years incarceration followed by ten years probation. Bolhorst appealed and this court vacated the sentence because the total sanction of nineteen years exceeded the statutory maximum for a second degree felony. Bolhorst v. State, 640 So.2d 1249 (Fla. 5th DCA 1994). On remand, Bolhorst was resentenced to nine years incarceration followed by six years probation. There was no direct appeal of Bolhorst's resentencing. In his motion to correct sentence, Bolhorst claimed that upon resentencing on the revocation of probation, he was entitled to credit for the time he had already spent on probation to ensure that the sentence did not exceed the statutory maximum penalty. Bolhorst's motion to correct illegal sentence is not procedurally barred because a court may, at any time, correct an illegal sentence that exceeds the statutory maximum penalty. See Woodall v. State, 719 So.2d 1 (Fla. 2d DCA 1998).
Bolhorst's argument finds ample support from Waters v. State, 662 So.2d 332 (Fla.1995). In Waters, the Florida Supreme Court held that upon revocation of probation, a court, in imposing a split sentence, must give credit for time previously served on probation and community control to any newly imposed term of probation so that the total period of imprisonment, probation and community control served and to be served does not exceed the statutory maximum. Here, Bolhorst's sentence of nine years imprisonment followed by six years probation combined with his previous time served on probation exceeds the statutory maximum of fifteen years.
The second issue raised in Bolhorst's motion to correct sentence was without merit.
AFFIRMED, in part; REVERSED, in part; REMANDED.
GRIFFIN and TORPY, JJ., concur.