678 So.2d 427 (1996)
Kevin YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1815.
District Court of Appeal of Florida, Fourth District.
July 31, 1996.
*428 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
The question in the present case is whether a defendant whose community control is revoked may be sentenced to a term of incarceration, which, when added to the time previously served on community control, exceeds the statutory maximum for the convicted offense. We answer the question with a reluctant yes.
Appellant, Kevin Young, was sentenced as a youthful offender to serve concurrent terms of two and a half years in prison to be followed by two years community control on convictions for aggravated assault, a third degree felony, and armed robbery with a deadly weapon, a first degree felony. After revocation of community control, Young was sentenced to five and a half years in prison on the armed robbery conviction and a concurrent five year prison term for the aggravated assault.
Although Young was given credit for 724 days of prior incarceration, the trial court did not take into consideration the time that appellant spent on community control. Since five years is the maximum sentence for a third degree felony (section 775.082(3)(a), Fla. Stat. (1991)), Young argues that the trial court's failure to give credit for the time which Young spent on community control resulted in a sentence which exceeded the statutory maximum on the aggravated assault conviction. Fatal to appellant's argument is the incorrect foundational premise that the time previously served on community control may be taken into account in determining whether the newly imposed term of incarceration exceeds the statutory maximum.
We agree with the state that Young's sentence must be approved because the trial court was not required to give Young credit for time served on community control against his new sentence of incarceration. See State v. Holmes, 360 So.2d 380, 383 (Fla.1978), holding limited by, State v. Summers, 642 So.2d 742 (Fla.1994). See also § 948.06(1), Fla. Stat. (1993) (upon revocation of probation the court may "impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control") and § 948.02(2), Fla. Stat. (1993) (upon revocation of probation "[n]o part of the time that the defendant is on probation or in community control shall be considered as part of any time that he shall be sentenced to serve."). Taken together, these statutory provisions mean that upon revocation of probation or community control, the defendant will not be entitled to receive credit for time served on probation or community control against a newly imposed period of incarceration.
*429 We answered with a reluctant yes to the question presented because this conclusion means that the legislature intended to permit a defendant to be able to serve a period of probation or community control and incarceration, which when combined together, could exceed the legislatively mandated statutory maximum for the offense. Such an interpretation could lead to some curious and seemingly harsh results. For instance, a defendant sentenced to 15 years probation on a second degree felony who violates probation in his fourteenth year would be in jeopardy of being sentenced to prison for 15 years. Thus, his combined periods of incarceration and probation would total 29 years even though the statutory maximum for a second degree felony is only 15 years. Incredibly, the defendant would have suffered state-imposed sanctions of 29 years for a fifteen year offense. Nevertheless, where the legislative directive is clear on its face, there is no room for different interpretation by the judiciary. The legislature is empowered to determine the permissible range of punishments for violations of penal law.
In State v. Summers, 642 So.2d 742 (Fla. 1994), the court held that upon revocation of probation, credit must be given for time previously served on probation toward any newly imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. 642 So.2d at 743. In State v. Roundtree, 644 So.2d 1358, 1358-1359 (Fla.1994), the court extended this reasoning to community control and held that time spent on probation or community control must be credited to a newly imposed term of probation for the same offense so that the total term of probation and community control does not exceed the statutory maximum for an offense. Recently, in Waters v. State, 662 So.2d 332 (Fla.1995), the supreme court extended the reasoning of Roundtree and Summers to the situation where a defendant was sentenced to a split term of probation and incarceration after a revocation of community control. The court held that in imposing a split sentence following revocation of probation, the combination of new sanctions may not exceed the statutory maximum for the underlying offense and that the defendant must be given credit for probation or community control previously served against any new probation or community control imposed. 662 So.2d at 332.
Appellant argues that the holding in Waters suggests that our supreme court may now be of the opinion that the total amount of sanctions that a defendant may be required to endure in any given criminal case may not exceed the legislatively mandated statutory maximum for the offense or offenses committed. However, the supreme court has not made that pronouncement directly and such an interpretation would seem to fly in the face of the relevant statutory provisions. Indeed, in Summers, Roundtree and Waters the supreme court has only said that upon resentencing after revocation of probation or community control, the defendant must receive credit for incarceration previously served against incarceration newly imposed and credit for probation or community control previously served against probation or community control newly ordered. Accord Meader v. State, 665 So.2d 344, 345 (Fla. 4th DCA 1995). This only satisfies the statutory directives that upon revocation of probation or community control, the court may award any sentence which it might have originally imposed and that time previously spent on probation or community control cannot be considered as part of any time that the defendant is subsequently sentenced to serve.
We affirm Young's sentence. Because the issue in this case arises frequently and affects numerous criminal defendants within this district and throughout the state, we certify to the supreme court the following as a question of great public importance:
Is a defendant entitled to credit for time spent on probation/community control when a new sentence of incarceration is imposed for violation of the probationary portion of a split sentence and the new period of incarceration, when combined with the probation/community control previously served, exceeds the statutory maximum for the crime charged?
*430 We also correct, without remand to the lower court, the scrivener's error wherein the court clerk transposed the case numbers for the armed robbery and aggravated assault charges so that it erroneously appears that Young was sentenced to five years incarceration for the armed robbery charge and that he was sentenced to five and a half years incarceration for the aggravated assault charge. The judgment is hereby corrected to reflect that Young was sentenced to five and a half years incarceration for the armed robbery conviction and five years for the aggravated assault charge.
Affirmed; judgment modified to correct scrivener's error.
DELL and POLEN, JJ., concur.