PER CURIAM.
Appellant filed a post-conviction motion wherein he sought credit of approximately 17 months for the time he served on community control before revocation. Appellant relies on Waters v. State, 662 So.2d 332 (Fla.1995), where the supreme court held that upon revocation of probation following completion of community control, a trial court must credit a defendant with time served on probation and community control to any newly-imposed term of imprisonment and probation for the offense. The trial court denied appellant’s motion. We affirm.
Appellant does not allege that his sentence is illegal as defined by Davis v. State, 661 So.2d 1193, 1196 (Fla.1995). See also Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996). Even in the face of such an allegation, based on our recent decision in Young v. State, 678 So.2d 427 (Fla. 4th DCA 1996), we would affirm the trial court’s order. As in Young, appellant did not receive a split sentence.
GUNTHER, C.J., and PARIENTE and SHAHOOD, JJ, concur.