697 So.2d 75 (1997)
Kevin YOUNG, Petitioner,
v.
STATE of Florida, Respondent.
No. 88916.
Supreme Court of Florida.
June 16, 1997.
*76 Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General; Georgina Jimenez-Orosa, Senior Assistant Attorney General and Myra J. Fried, Assistant Attorney General, West Palm Beach, for Respondent.
KOGAN, Chief Judge.
We have for review Young v. State, 678 So.2d 427 (Fla. 4th DCA 1996), in which the district court certified the following question to be of great public importance:
IS A DEFENDANT ENTITLED TO CREDIT FOR TIME SPENT ON PROBATION/COMMUNITY CONTROL WHEN A NEW SENTENCE OF INCARCERATION IS IMPOSED FOR VIOLATION OF THE PROBATIONARY PORTION OF A SPLIT SENTENCE AND THE NEW PERIOD OF INCARCERATION, WHEN COMBINED WITH THE PROBATION/COMMUNITY CONTROL PREVIOUSLY SERVED, EXCEEDS THE STATUTORY MAXIMUM FOR THE CRIME CHARGED?
678 So.2d at 429. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We must answer the question in the negative because it is well established that a defendant who violates the probationary portion of a split sentence may not receive credit for the time spent on probation or community control against a newly imposed sentence of incarceration. See State v. Holmes, 360 So.2d 380 (Fla.1978).
Young was convicted of armed robbery with a deadly weapon and aggravated assault. For each count, the trial court sentenced Young as a youthful offender to two and a half years in prison followed by two years on community control. The trial court ordered the sentences to run concurrently.
After serving his prison term and a portion of his community control, Young violated community control. The trial court thereafter sentenced him to five and a half years in prison for the armed robbery conviction and a concurrent five-year term for the aggravated assault.[1] In sentencing Young, the trial court gave him credit for 724 days of prior incarceration but did not give him credit for the time he spent on community control. Young alleged that in failing to credit the time he served on community control the trial court imposed a sentence for the aggravated assault that exceeded the five year statutory maximum for a third-degree felony. See § 775.082(3)(d), Fla. Stat. (1991).[2]
The district court affirmed the sentence. Young, 678 So.2d at 429. The court found that pursuant to section 948.06(1), Florida Statutes (1993),[3] section 948.06(2), Florida Statutes (1993),[4] and this Court's decision in State v. Holmes, 360 So.2d 380 (Fla.1978), Young was not entitled to credit for time served on community control against a new sentence of incarceration. Young, 678 So.2d at 428. The district court recognized, however, that not awarding credit in cases like the *77 instant one could lead a prisoner to serve a period of probation or community control combined with a period of incarceration that would exceed the statutory maximum for the offense. Id. at 429. The court questioned whether the legislature and this Court intended such a result and consequently certified the question before us. Id.
We agree with the district court that Young's sentence should be affirmed. We have held that section 948.06 is applicable when a defendant violates a probationary split sentence. See Poore v. State, 531 So.2d 161, 164 (Fla.1988). Further, we have held that section 948.06(1), in conjunction with the United States Supreme Court decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), permits a sentencing judge upon revocation of the probationary portion of a probationary split sentence to impose any sentence he or she might have originally imposed with credit for time served. Poore, 531 So.2d at 164; see also Holmes, 360 So.2d at 383. According to our decision in Holmes, however, if the trial judge chooses to impose a sentence of incarceration,[5] credit cannot be given for time spent on probation. Holmes, 360 So.2d at 383; see also State v. Summers, 642 So.2d 742, 743 (Fla.1994). Likewise, credit cannot be given for time served on community control. See Ogden v. State, 605 So.2d 155, 158 (Fla. 5th DCA 1992), and cases cited therein.[6] This is because section 948.06(2), prohibits a court from crediting probation or community control toward a sentence of incarceration. Specifically, section 948.06(2) provides that no part of the time a defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve. Consequently, the trial court was prohibited by statute from crediting Young's time in community control against his new sentence of incarceration.
Young argues that cases issued subsequent to Holmes show that this Court now recognizes that a defendant may not serve a term greater than the statutory maximum for a particular offense. Specifically, Young relies on this Court's decisions in State v. Summers, 642 So.2d 742 (Fla.1994), State v. Roundtree, 644 So.2d 1358 (Fla.1994), and Waters v. State, 662 So.2d 332 (Fla.1995), to support his contention that his sentence should be reduced because it exceeds the statutory maximum. Exceeding the statutory maximum, however, was not the only concern that led to our decisions in these cases. We were equally concerned that if we did not credit time served on probation/community control against post-revocation probation, we might subject a defendant to an endless period of probation.
In Summers and Roundtree we held that a defendant is entitled to credit for time on probation/community control against postrevocation probation, when necessary to ensure that the total term of probation/community control does not exceed the statutory maximum for that offense. Summers, 642 So.2d at 744; Roundtree, 644 So.2d at 1359. In Summers, we noted that this holding was not inconsistent with our decision in Holmes. Summers, 642 So.2d at 743. More importantly, we recognized that if we did not require time previously served on probation to be credited toward a new sentence of probation, trial courts could extend probation ad infinitum beyond the statutory maximum each time probation was revoked. Id. at 744. If a defendant continually violated probation, the defendant's probation presumably might never end.
In Waters, we addressed a slightly different situation. Waters was originally sentenced to a period of community control followed by a period of probation. 662 So.2d at 333. When Waters violated his probation, he *78 was given a sentence of incarceration and probation. Id. The district court held that where the trial court imposes a probationary split sentence upon violation of probation, the defendant must receive credit against the new sentence of probation for time previously served on probation or community control. Id. The holding is only applicable, however, when necessary to ensure that the total term of community control, probation, and incarceration does not exceed the statutory maximum for that offense. Id.
While the facts in Waters differ slightly from those in Summers, the rationale espoused in Summers is equally applicable to Waters. Without requiring credit for probation/community control against post-revocation probation, there remains the potential for endless probation. The same is not true in the instant case where Young was sentenced to a term of incarceration following the violation of the probationary portion of his split sentence. Because Young did not receive credit for time on community control, he has been ordered to serve a term of legal constraint that exceeds the maximum statutory sentence. However, there is a definitive end to that period of legal constraint. Unlike the probation in Summers, Roundtree, and Waters, the post-revocation sentence imposed here does not have the potential to continue without end. Consequently, it does not conflict with the legislature's intent. On the contrary, we find that Young's sentence is consistent with section 946.06(1) and (2).[7] Accordingly, we approve the decision of the district court and we answer the certified question in the negative.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In its sentencing order, the trial court transposed the case numbers so that it erroneously appeared that Young received five years for the armed robbery and five and a half years for the aggravated assault. The district court corrected the error without remand to the trial court. Young, 678 So.2d at 430. We see no reason to address this issue further.
[2] Young could not challenge the five-and-a-half year sentence imposed for the armed robbery on a similar basis, because the statutory maximum for a first-degree felony is greater than five and one-half years. § 775.082(3)(a), Fla. Stat. (1991).
[3] The pertinent portion of section 948.06(1) reads as follows:

If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
[4] Section 948.06(2) provides:

No part of the time that a defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve.
[5] The term "sentence" in section 948.06 refers to incarceration. It does not refer to probation. Summers, 642 So.2d at 744; Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla.1980). Nor does the term "sentence" refer to community control. See Ogden v. State, 605 So.2d 155, 159 (Fla. 5th DCA 1992)(finding that community control is generally not considered the equivalent of incarceration).
[6] In Fraser v. State, 602 So.2d 1299 (Fla.1992), we recognized a limited exception to this general rule. According to Fraser, a defendant is entitled to credit for time served on community control when the original term of community control is revoked as illegal. Id. at 1300. The exception is not applicable here.
[7] We recognize that a defendant who violates probation or the probationary portion of a split sentence and is thereafter sentenced to a probationary split sentence, rather than a sentence of incarceration, does not face a potential period of legal constraint that exceeds the statutory maximum sentence for a particular offense. We leave this anomaly for the legislature to consider. We do advise however that, in sentencing, trial judges should consider that a post-revocation sentence of incarceration may result in a harsher overall term of legal constraint than would a post-revocation probationary split sentence.