889 So.2d 913 (2004)
Epifanio B. HERNANDEZ a/k/a Porfirio Hernandez, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3586.
District Court of Appeal of Florida, Second District.
December 10, 2004.
*914 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Epifanio Hernandez pleaded guilty to DUI manslaughter (count I) and DUI serious bodily injury (count II) in 1990. Now, fourteen years later, he has served time in prison on count I and on probation for both counts. The State has also charged him with violating his probation numerous times. In 1994 the court revoked probation and sentenced Hernandez to additional probation. Most recently, in 2003, the State charged Hernandez with violating his probation for driving under the influence of alcohol. The trial court revoked his probation and sentenced him to imprisonment on both counts. Because Hernandez's probationary term on count II had already expired, we must reverse the trial court's 2003 revocation and sentence on count II. However, we affirm the trial court's revocation and sentence on count I.
As to count I, Hernandez incorrectly argues that his 1994 sentence to ten years' probation expired in 2002. His argument is based on the flawed premise that his 1994 sentence on count I was illegal because it exceeded the statutory maximum. As to count II, Hernandez correctly argues that his 1994 sentence to concurrent five years' probation expired in 1999. To address Hernandez's arguments, it is necessary to examine his original sentences in 1990 and subsequent sentences in 1994 and 2003.
In 1990, Hernandez was sentenced to a probationary split sentence[1] of seven years' imprisonment with credit for time served followed by eight years' probation on count I. On count II, he was ordered to serve two years' probation consecutive to the eight years' probation on count I. By 1994, Hernandez had been released from prison and was serving the probation portion of his sentence on count I. The consecutive probation sentence on count II had not yet begun. On February 23, 1994, the court revoked probation and sentenced Hernandez to ten years' probation on count I and five years' probation on count II,[2] to run concurrently. Inarguably, these sentences were lawful because the court could have imposed any sentence it might have originally imposed including straight probation, a period of incarceration, or another probationary split sentence. See Gibson v. Fla. Dep't of Corr., 885 So.2d 376, 29 Fla. L. Weekly S626, S627 (Fla. Oct. 21, 2004) (citing Poore v. State, 531 So.2d 161, 164 (Fla.1988)). The court here opted to impose a straight probation sentence.[3] Therefore, Hernandez *915 would be entitled to credit for both prison/jail time served and time served on probation if necessary to insure that the total term of probation did not exceed the statutory maximum for that offense. See State v. Summers, 642 So.2d 742 (Fla.1994); Storey v. State, 684 So.2d 888, 890 (Fla. 2d DCA 1996). The statutory maximum for count I, a second-degree felony, was fifteen years' imprisonment. §§ 316.193, 775.082(3)(c), Fla. Stat. (1990). Hernandez was initially sentenced on April 2, 1990, and awarded seventy-four days of jail credit. He served time in prison sometime between April 2, 1990, and February 23, 1994, when he was convicted of violating probation. It is mathematically impossible for Hernandez to have served more than five years of combined prison or jail, and probation between April 1990 and February 1994. Ten years' probation added to less than five years previously served is less than fifteen years. Therefore, the court was not required to give Hernandez credit for any time served on count I because the new probationary sentence added to the time he already served in prison or jail or on probation did not exceed the statutory maximum. See Summers, 642 So.2d 742; Storey, 684 So.2d at 890. As to count II, the statutory maximum was five years. §§ 316.193, 775.082(3)(d). The trial court's sentence of five years' probation did not exceed the statutory maximum because Hernandez had not served any time in prison or jail or on probation on count II. Hernandez's sentences in 1994 were not illegal. The ten-year probation term on count I was set to expire on February 22, 2004. The concurrent five-year probation term on count II was set to expire on February 22, 1999.
With those expiration dates in mind, we can now determine whether the court had jurisdiction to revoke probation in 2003. In 2003, Hernandez was still serving the 1994 sentence of ten years' probation on count I, which was not set to expire until 2004. However, on count II, he had already completed the concurrent sentence of five years' probation in 1999. Once a probation term has expired, the court is "divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation." Slingbaum v. State, 751 So.2d 89, 89 (Fla. 2d DCA 1999) (quoting State v. Hall, 641 So.2d 403, 404 (Fla.1994)). The State did not set "the processes of the court" in motion until March 11, 2003, when it filed an arrest warrant and an affidavit of violation of probation for Hernandez. Because the probation term had expired on count II, the court did not have jurisdiction to revoke probation and sentence Hernandez to five years' imprisonment on count II.
On the other hand, the court retained jurisdiction over count I, the DUI manslaughter offense, until February 22, 2004. The court sentenced Hernandez to fifteen years' imprisonment with credit for time served, including 378 days' jail time. "Credit for time served" here refers to all *916 time previously spent[4] in prison and in jail only because time served on probation may not be applied to a postrevocation sentence of incarceration. See Young v. State, 697 So.2d 75, 76-77 (Fla.1997) (citing Summers, 642 So.2d at 744, and State v. Roundtree, 644 So.2d 1358, 1359 (Fla.1994)); Gardner v. State, 656 So.2d 933, 939 (Fla. 1st DCA 1995). Because the trial court credited Hernandez with time served in prison and jail, his sentence of fifteen years' imprisonment did not exceed the fifteen-year statutory maximum. Gardner, 656 So.2d at 939. Therefore, we reverse only the trial court's revocation of probation and sentence entered for count II.
Affirmed in part; reversed in part.
FULMER and SILBERMAN, JJ., Concur.
NOTES
[1] See Gibson v. Fla. Dep't of Corr., 885 So.2d 376, 29 Fla. L. Weekly S626, S627 (Fla. Oct. 21, 2004) (defining a probationary split sentence as, "consisting of a period of confinement, none of which is suspended, followed by a period of probation.").
[2] Although Hernandez's two-year probationary term on count II had not yet begun, "a defendant may have his probation revoked for misconduct which occurs before the term of probation has started." Underwood v. State, 455 So.2d 1133, 1134 n. 1 (Fla. 2d DCA 1984) (citing Stafford v. State, 455 So.2d 385 (Fla.1984)).
[3] It is important to take note of the type of postrevocation sentence the court chooses because it affects the defendant's entitlement to time served on probation/community control. For example, if the court imposes a postrevocation sentence of straight incarceration, a defendant is not entitled to time previously served on probation/community control. Id. On the other hand, if the court imposes a postrevocation sentence that involves probation, "a defendant is entitled to credit for time on probation/community control against post-revocation probation, when necessary to ensure that the total term of probation/community control does not exceed the statutory maximum for that offense." Young v. State, 697 So.2d 75, 77 (Fla.1997) (citing State v. Summers, 642 So.2d 742 (Fla.1994), and State v. Roundtree, 644 So.2d 1358 (Fla.1994)). The reason for this is because the Florida Supreme Court was concerned that if it did not credit time served on probation/community control against postrevocation probation, courts "might subject a defendant to an endless period of probation." Id.
[4] After October 1, 1989, credit for time served in prison refers only to time actually served and not to gain time. Bradley v. State, 631 So.2d 1096, 1098 (Fla.1994).