STEVENSON, J.
We have for review an emergency petition for writ of habeas corpus. Petitioner, Stephen A. Grissinger, claims he is being held illegally because the Palm Beach County circuit court entered an order, dated May 26, 2005, which did not credit against his probation jail time served prior to trial and prior to the revocation. We agree and grant the writ, finding that petitioner is entitled to immediate release from confinement.[1]
On February 9, 2004, petitioner was arrested for aggravated stalking. He was in custody from February 9, 2004, until July 16, 2004, and then from July 26, 2004, until his trial on October 20, 2004. The jury found petitioner guilty of stalking, a first degree misdemeanor, which carries a maximum sentence of one year imprisonment. See §§ 775.082, 784.048(2), Fla. Stat. The court withheld adjudication and placed him on probation for a period of twelve months; petitioner was released that same day. Petitioner subsequently violated his probation and was taken into custody from December 29, 2004, until February 1, 2005. On February 1, 2005, the court issued an Order of Modification of Probation wherein the court ordered petitioner to complete the originally ordered conditions, have no contact with the victim, and report to his probation officer within 24 hours of his release from confinement.
On May 24, 2005, the Department of Corrections issued an affidavit for violation of probation, and on May 25, 2005, the trial court issued a warrant for petitioner’s arrest. That same day, petitioner filed a motion to correct sentencing error. He argued that the February 1, 2005 violation of probation had resulted in a modification of his probation without giving him credit for the 244 days served in jail from February 9, 2004, to October 20, 2004. On May 26, 2005, the court conducted a hearing. The State argued that probation could not be credited toward jail time, implying that the opposite was also true. The trial court agreed with the State and found that the law did not require that the time a defendant spent in jail awaiting trial or sentencing be credited against probation. At the conclusion of the hearing, the State brought the outstanding warrant to the judge’s attention. The court conducted a preliminary hearing and petitioner was taken into custody. The court set a hearing on the violation of probation for June *984 6, 2005. On May 27, 2005, petitioner filed this emergency petition for writ of habeas corpus.
We agree with the petitioner that the trial court was required to credit his time served in jail awaiting trial on the aggravated stalking charge against the probation time that petitioner was ultimately ordered to serve so that the combination of both would not exceed the one-year statutory maximum for the offense. See Baldwin v. State, 558 So.2d 173 (Fla. 5th DCA 1990) (holding that a defendant sentenced to one year probation for a first degree misdemeanor must receive credit for all time previously served in the county jail against the term of probation so that the combination of both would not exceed the statutory maximum).[2] We note that a defendant is not always entitled to credit for time served awaiting trial when he or she is subsequently ordered to probation as a sanction for the offense. The trial court is only required to credit the jail time against the term of probation if the time already served in jail combined with the ordered probationary period would exceed the statutory maximum. See Hernandez v. State, 889 So.2d 913 (Fla. 2d DCA 2004). For example, if a defendant is sentenced to three months probation for a first degree misdemeanor and the defendant has spent three months in jail awaiting trial, the trial court need not credit the defendant with time served in jail against his probation since the combination of the time spent in jail and the time ordered on probation would not exceed the one-year statutory maximum for the offense. Id.
Returning to the instant case, petitioner was released and placed on probation on October 20, 2004, after having served 244 days in jail awaiting his trial. Thus, on October 20, 2004, petitioner had only 121 days or approximately 4 months remaining before the period of time petitioner spent in jail awaiting trial combined with the period of time on probation exceeded the statutory maximum of one year. Therefore, petitioner’s probation should have ended on or about February 19, 2005, prior to the time he was charged with violating his probation on May 24, 2005. Thus, the trial court would have had no jurisdiction to place petitioner in jail awaiting a hearing on a charge of violation of probation since petitioner’s period of probation expired prior to the affidavit of violation and the arrest warrant. See Hernandez, 889 So.2d at 915 (stating that “[o]nce a probation term has expired, the court is ‘divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation’ ”) (quoting Slingbaum v. State, 751 So.2d 89, 89 (Fla. 2d DCA 1999), quoting State v. Hall, 641 So.2d 403, 404 (Fla.1994)).
Accordingly, we grant the writ and remand this cause with instructions that the trial court correct the sentence and allow petitioner credit for time served in jail, in addition to the time that petitioner has already served on probation, which will result in petitioner no longer being on the one-year period of probation previously ordered in this case. See Baldwin, 558 So.2d at 174. In the meantime, we order petitioner’s immediate release from confinement.
GUNTHER and WARNER, JJ., concur.

. After a review of the emergency petition and the State’s response, this court ordered the petitioner’s immediate release from confinement on June 3, 2005. This opinion follows that order.

. Additionally, upon a revocation of probation, the time that the probationer has already served on probation for the same offense must be credited toward any new term of probation so that the total term of probation does not exceed the statutory maximum. See State v. Summers, 642 So.2d 742 (Fla.1994).