977 So.2d 708 (2008)
Robert E. CHASE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5338.
District Court of Appeal of Florida, First District.
March 25, 2008.
*709 Robert E. Chase, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of an order summarily denying his motion for postconviction relief. We affirm the order in all respects except for the summary denial of appellant's claim that the probationary split sentence imposed after the revocation of appellant's probation for neglect of an elderly person was illegal because the trial court failed to give credit for the time appellant previously served on community control. On that claim, we reverse and remand for further proceedings.
Following appellant's plea of nolo contendere to neglect of an elderly person, the trial court withheld adjudication of guilt and placed appellant on community control for one year followed by one year of probation. The court subsequently revoked appellant's probation, adjudicated appellant guilty, and sentenced appellant to 10 years in prison followed by five years of probation. Appellant then filed a motion for postconviction relief which, among other things, claimed that his 15-year probationary split sentence for neglect of an elderly person exceeded the 15-year statutory maximum because he was not given credit for the time he previously served on community control. The trial court summarily denied appellant's motion. Specifically, the court found that appellant's sentence did not exceed the statutory maximum because appellant forfeited the time he previously served on community control when he violated the terms of his release. This appeal follows.
In concluding that appellant was not entitled to credit for the time he previously served on community control, the trial court relied on section 948.06, Florida Statutes (1997), which provides in pertinent part:
(3) When the court imposes a subsequent term of supervision following a revocation of probation or community control, it shall not provide credit for time served while on probation or community control toward any subsequent term of probation or community control. However, the court may not impose a subsequent term of probation or community control which, when combined with any amount of time served on preceding terms of probation or community control for offenses before the court for sentencing, would exceed the maximum penalty allowable as provided by s. 775.082. No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he or she shall be sentenced to serve.
The trial court's reliance on this provision was misplaced because the court overlooked the second crucial sentence. Upon *710 revocation of probation following completion of community control, the court must credit time served on probation and community control to any newly imposed term of imprisonment and probation so that the total period of community control, probation, and imprisonment served and to be served does not exceed the statutory maximum for the offense. Waters v. State, 662 So.2d 332 (Fla.1995). Accord Robinson v. State, 850 So.2d 658, 661 (Fla. 1st DCA 2003). Following the revocation of his probation, appellant was sentenced to 10 years in prison followed by five years of probation for neglect of an elderly person, the statutory maximum for the offense which is a second-degree felony. §§ 775.082(3)(c) & 825.102(3)(b), Fla. Stat. (1997). By not giving credit for the time appellant served on community control and probation prior to the revocation of his probation, the trial court illegally sentenced appellant to a term of incarceration, community control, and probation which exceeded the statutory maximum. Accordingly, we remand with directions that appellant be given proper credit for the time that he previously served on community control and probation. In all other respects, we affirm the summary denial of appellant's postconviction motion.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
ALLEN, WEBSTER, and PADOVANO, JJ, concur.