SHEPHERD, J.
 

 Appellant, Edward Joe Young, appeals the denial of a Florida Rule of Criminal Procedure 3.800(a) motion, in which he seeks credit for time served.
 

 On January 13, 2000, Young originally was sentenced on five counts to a prison term of three-and-one-half years, followed by one year of community control and fifteen years of probation, pursuant to a plea to reduced charges of three counts of attempted capital sexual battery, § 794.011(2), Fla. Stat. (2000), and two counts of incest, § 826.04, Fla. Stat. (2000). On July 28, 2006, upon revocation of probation, Young was resentenced to ten years in state prison on all five counts, to run concurrently, with credit for time served from November 16, 2005.
 

 On May 24, 2007, Young filed a motion to correct illegal sentence, alleging he was not given credit for the three-and-one-half years previously served in the Department of Corrections. Two months later, he amended the motion to further allege entitlement to credit for time served on probation.
 

 The State responded to the motion, asserting that pursuant to a negotiated plea, Young waived credit for time served for the three-and-one half years he served in state prison prior to November 16, 2005. On October 29, 2007, the trial court summarily denied the motion. Upon Young’s appeal of the summary denial, we reversed the trial court in an opinion utilizing our standard admonition, “If the trial court again enters an order summarily denying [Young’s] post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to relief.”
 
 Young v. State,
 
 973 So.2d 624, 624 (Fla. 3d DCA 2008). Apparently misinterpreting our opinion to suggest that one of its options on remand was to conduct an evidentiary hearing on a Florida Rule of Criminal Procedure 3.800(a) motion,
 
 cf. Renaud v. State,
 
 926 So.2d 1241, 1241 (Fla.2006) (“A requirement for relief under Florida Rule of Criminal Procedure 3.800(a) is ‘that the court records demonstrate on their face an entitlement to ... relief.’ Fla. R. Crim. P. 3.800(a). This rule does not contemplate the necessity of an evidentiary hearing.”), the trial court did so, and, on May 9, 2008, after hearing what it considered to be the more credible evidence from Young’s former counsel— that the agreed credit at the plea colloquy was from November 16, 2005, Young’s last booking date — the trial court again denied Young’s motion. Young now appeals this order.
 

 During the pendency of this appeal, we ordered the transcripts from the
 
 *821
 
 plea colloquy and evidentiary hearing to be filed with this Court. The governing document, July 19, 2006 resentencing plea colloquy, conclusively refutes Young’s contention he would receive credit for time served for any period of incarceration pri- or to November 16, 2005. In fact, the pronouncement made in open court by the trial judge with both Young’s and his counsel’s consent was that Young “[would] receive credit time served since November 16th of 2005, the date he was taken into custody for this [violation of probation]”. It is apodictic that a defendant in a probation revocation hearing may waive credit for time served as part of a plea agreement.
 
 See Johnson v. State,
 
 974 So.2d 1152, 1152 (Fla. 3d DCA 2008) (“A provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim to credit for time served before that date.”);
 
 Joyner v. State,
 
 988 So.2d 670, 672 (Fla. 3d DCA 2008). Accordingly, we affirm the trial court order insofar as it denies the motion for credit for time served in prison. However, this does not end our labor in this case.
 

 In its Answer Brief, the State commendably reminded us that the trial court did not rule upon Young’s amendment to his Rule 3.800(a) motion seeking credit for time previously served on community control and probation. On this point, we reverse and remand for further proceedings.
 

 Under the statutory sentencing laws in effect at the time Young committed his crimes:
 

 [T]he court may not impose a subsequent term of probation or community control, which, when combined with any amount of time served on preceding terms of probation or community control for offenses before the court for sentencing, would exceed the maximum penalty allowable as provided by s. 775.082. No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he or she shall be sentenced to serve.
 

 948.06(3), Florida Statutes (1997);
 
 see also Chase v. State,
 
 977 So.2d 708, 709-10 (Fla. 1st DCA 2008). In this case, Young was sentenced for three first-degree felonies— attempted capital sexual batteries, each of which carried a sentence of thirty years’ incarceration. The sentences Young received upon probation revocation were for ten years’ incarceration plus fifteen years’ probation, with credit for time served of approximately eight months. The combined, effective sentence was twenty-five years, with eight months’ credit. Young alleges he spent an additional four years and eleven months on probation or community control, and that he previously served approximately three-and-one-half years in prison. Under the Florida Supreme Court’s pronouncement in
 
 Waters v. State,
 
 662 So.2d 332, 333 (Fla.1995), when a split sentence is imposed upon a revocation of probation, the total period of past and future incarceration, plus past and future probation or community control, cannot exceed the maximum sentence which could be imposed. We do not have the precise data concerning Young’s incarceration dates, community control, and probation before us. However, we know he served approximately three-and-one-half years in prison, one year on community control, and three-and-one-half years on probation, before he was arrested for violating his probation. We also know his resentence was ten years in prison plus fifteen years’ probation. Young alleges the total of his past, current, and future incarceration, plus probation and community control, would be approximately thirty-three years, in excess of the thirty-year maximum for a first-degree felony. The
 
 *822
 
 State further candidly and properly advises that the sentencing guidelines in effect in 1997, the year in which Young committed his crime, further provided that if a split resentence was imposed, it also was possible for the resentencing court to exceed the statutory maximum.
 
 See
 
 Fla. R. Crim. P. 3.703(d)(31) (providing that if a split sentence was imposed, “[t]he total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply”). Because the trial court did not consider the allegations of the amended motion and the law applicable thereto, we reverse and remand for determination whether the total terms of prison, community control, and probation exceeded the legal maximum sentence, and, if so, to provide the defendant partial credit for time previously served on community control or probation, or to reduce the future probationary term.
 

 Affirmed in part, reversed in part, and remanded with directions.