WELLS, Judge.
 

 Edward Joe Young appeals the summary denial of his postconviction claims raised under Florida Rules of Criminal Procedure 3.800 and 3.850. For the following reasons, we affirm the denial of all but one of his claims and remand for further proceedings consistent with this opinion.
 

 
 *144
 
 On or about February 4, 2010, Young filed a postconviction motion claiming that the Florida Department of Corrections had impermissibly placed the defendant on community control and probation in violation of the sentence imposed by the trial court. Young also challenged the use of four prior convictions on his sentencing guidelines scoresheet, but in doing so acknowledged that this claim had been raised in a prior postconviction motion and denied. On or about March 26, 2010, Young amended his postconviction motion to raise various claims of ineffective assistance of counsel. On May 18, 2010, the lower court entered two separate orders summarily denying all of Young’s postcon-viction claims.
 

 We affirm the denial of Young’s ineffective assistance of counsel claims as they are time barred.
 
 See
 
 Fla. R.Crim. P. 8.850(b). We affirm the denial of the claim alleging error with respect to the use of prior convictions on the sentencing score-sheet as it is successive. However, we reverse the summary denial of the claim with respect to Young being placed on community control and probation because we cannot discern the trial court’s basis for denying the claim. The order denying relief does not show the rationale used by the court below to summarily deny the motion, nor does it attach any record excerpts that specifically address the claim.
 
 [1]
 

 Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
 

 [1]
 

 . In so holding, we note that in its response to the claim filed below the State indicated that the claim was facially sufficient.