IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDDIE ADAMS,

      Appellant,

 v.                                      Case No. 5D15-2066

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 22, 2016

3.800 Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

Eddie Adams, Bristol, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Eddie Adams appeals the denial of his motion to correct illegal sentence. See Fla.

R. Crim. P. 3.800(a). He argues the trial court erred by failing to credit him for time

previously served on probation and community control when it imposed a new split

sentence of prison and probation following a violation of probation. Adams asserts that

the failure to give him credit resulted in a sentence exceeding the statutory maximum.[1] The State properly concedes error.

As we have previously held, "[w]hen a trial court imposes a new split sentence following a violation of probation, the law requires that the court 'give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.'" Edwards v. State, 59 So. 3d 1177, 1177 (Fla. 5th DCA 2011) (quoting Waters v. State, 662 So. 2d 332, 333 (Fla. 1995)); see also Chase v. State, 977 So. 2d 708, 709-10 (Fla. 1st DCA 2008) ("Upon revocation of probation following completion of community control, the court must credit time served on probation and community control to any newly imposed term of imprisonment and probation so that the total period of community control, probation, and imprisonment served and to be served does not exceed the statutory maximum for the offense.").

Accordingly, we reverse the order of the trial court and remand with directions that Adams be given the credit necessary so that his new split sentence does not exceed the statutory maximum.

REVERSED and REMANDED.

PALMER, ORFINGER and BERGER, JJ., concur.

---

[1] Specifically, Adams contends his sentence of ten years in prison followed by thirty years of probation is illegal because it exceeds the statutory maximum of forty years when combined with the time he has already served in prison and on probation for the underlying offense of sexual battery with a deadly weapon.

2