NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH RICHARD JACOBY,                )
                                      )
          Appellant,                  )
                                      )
v.                                    )        Case No. 2D15-4318
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____ )

Opinion filed March 31, 2017.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

After he admitted to violations of probation, the trial court revoked Joseph

Richard Jacoby's probation and sentenced him for grand theft (count two) and grand

theft motor vehicle (count four). On appeal, Jacoby challenges his sentence on count

four of five years in prison suspended, to be served as five years' probation. He

contends that the trial court should have granted his motion to correct sentencing error and that his sentence on count four is unlawful because when combined with the previous incarcerative and probationary terms the new sentence exceeds the statutory maximum for a third-degree felony. Jacoby is not entitled to any credit from his prior probation which he did not serve, but we reverse the sentence on count four and remand for the trial court to impose the sentence with credit for time Jacoby previously served in prison on the charge. We affirm the revocation of probation on both counts and the sentence on count two.

Jacoby committed offenses in Polk County in December 2005. In accordance with a no contest plea in August 2007, the trial court imposed two concurrent terms of 15.8 months in prison to be followed by thirty-six months' probation on counts two and four. The State nolle prossed counts one and three. After completing the prison term in 2007, Jacoby was sent to Pinellas County and served time in prison on unrelated charges. He remained in custody from his August 2007 sentencing date until he was released from the Pinellas County sentence on March 20, 2012. Jacoby's probationary term of thirty-six months for the Polk County case was to begin on March 20, 2012.

In February 2015, Jacoby was arrested for illegal use of credit cards in Volusia County, and an affidavit of violation of probation (VOP) was filed in the Polk County case. The affidavit alleged a violation for failure to report to the probation officer after Jacoby's release from prison in 2007 as of February 4, 2015; commission of the new law offense of illegal use of credit cards; and failure to report to his probation officer within seventy-two hours of his release from prison on March 20, 2012.

At the VOP hearing, Jacoby admitted to the violations in the affidavit. The trial court advised Jacoby that if he wished to contest any of the violations, the State had to prove the violations were willful. The court offered to set an evidentiary hearing. Jacoby declined the offer for an evidentiary hearing and stated that he wished to go forward with sentencing on the VOP. The trial court imposed a sentence of thirty months in prison on count two with credit for all time served. On count four, the trial court imposed a suspended sentence of five years in prison to be served as five years of probation. The revocation order reflects that Jacoby admitted all the violations stated in the affidavit.

Jacoby filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He asserted that he was entitled to credit for time previously served in prison and on probation for the suspended sentence of five years' probation on count four because without the credit the sentence exceeds the statutory maximum for a third-degree felony. He contended that he was entitled to 15.8 months' credit for time previously served in prison and to 31.4 months' credit for time previously served on probation.

After receiving a response from the State, the trial court denied the motion, stating that Jacoby was ineligible for probationary credit because his probationary period tolled when he absconded by failing to report. Neither the response nor the order expressly addressed the issue of credit for time previously served in prison.

On appeal, the parties agree that Jacoby's probationary period commenced on March 20, 2012. Jacoby contends that he was "technically" on

probation for 31.4 months before the VOP affidavit was filed and that he is entitled to 31.4 months' credit against his current five-year period of probation. When probation is revoked, a defendant is entitled to credit for time previously served on probation for a subsequent probationary term for the same offense if it is necessary to ensure that the total probationary term does not exceed the statutory maximum for the offense. Young v. State, 697 So. 2d 75, 77 (Fla. 1997); State v. Summers, 642 So. 2d 742, 744 (Fla. 1994); see also § 948.06(3), Fla. Stat. (2015). But "when a probationer absconds from supervision, the probationary period is tolled until the probationer is returned to supervision." Kimball v. State, 890 So. 2d 495, 496 (Fla. 5th DCA 2004); see also Badger v. State, 23 So. 3d 813, 817 (Fla. 2d DCA 2009).

Here, Jacoby never actually served any time on his original probationary term of thirty-six months. He admitted to the violations in the affidavit, and the trial court revoked probation based on the violations in the affidavit. The affidavit asserted that Jacoby did not report within seventy-two hours of his release from prison in 2012 and that he never reported at all up to the date the affidavit was filed in February 2015. Because Jacoby did not serve any time on probation, the trial court correctly denied any probationary credit toward Jacoby's new probationary term.

With respect to prison credit, upon revocation of the probationary term of a probationary split sentence, the trial court may impose any sentence the court "might have originally imposed with credit for time served." Young, 697 So. 2d at 77; see also § 948.06(2)(b); McCall v. State, 88 So. 3d 1015, 1015-16 (Fla. 2d DCA 2012). The State recognizes that if Jacoby had been sentenced upon revocation of his probationary split sentence to a new prison sentence that he would have been entitled to credit for

- 4 -

prison time previously served.  See, e.g., McCall, 88 So. 3d at 1015-16; Swain v. State, 845 So. 2d 314, 315 (Fla. 2d DCA 2003).  The State contends that Jacoby is not entitled to credit for prison time previously served toward his new probationary term of five years for a third-degree felony.

Based on this court's opinion in Hernandez v. State, 889 So. 2d 913 (Fla. 2d DCA 2004), Jacoby is entitled to the prison credit for time previously served.  In Hernandez, the defendant originally received a probationary split sentence for DUI manslaughter of seven years in prison with credit for time served, to be followed by eight years of probation.  Id. at 914.  The court revoked the probation and imposed a new ten-year term of probation.  Because the defendant had served less than five years of combined prison, jail, and probation before he was placed on the new ten-year term of probation, the sentence was less than the statutory maximum of fifteen years for a second-degree felony.  Id. at 915.  Thus, the trial court was not required to give credit for any time served on that offense "because the new probationary sentence added to the time he already served in prison or jail or on probation did not exceed the statutory maximum."  Id.  In doing so, this court stated that upon revocation the trial court imposed a straight probationary term, and thus the defendant "would be entitled to credit for both prison/jail time served and time served on probation if necessary to insure that the total term of probation did not exceed the statutory maximum for that offense."  Id.

Here, the new probationary term is the statutory maximum of five years for the third-degree felony of grand theft motor vehicle.  See §§ 775.082(3)(d), 812.014(2)(c)(6), Fla. Stat. (2005).  Thus, because Jacoby served a prior prison term on

- 5 -

the same charge that would increase the total term to over the statutory maximum, he is entitled to credit for time previously served in prison. See Hernandez, 889 So. 2d at 914-15. Jacoby contends that he is entitled to a credit of 15.8 months—the prison sentence that the trial court originally imposed. But section 948.06(7) provides for the forfeiture of gain time upon revocation of the probationary portion of a split sentence for the gain time earned up to the date of release on probation. See Gibson v. Fla. Dep't of Corr., 885 So. 2d 376, 380 (Fla. 2004); see also Hernandez, 889 So. 2d at 916 n.4 ("After October 1, 1989, credit for time served in prison refers only to time actually served and not to gain time."). Therefore, Jacoby would not be entitled to credit for the full 15.8 months if he obtained an early release due to gain time. Instead, he is entitled to credit for the time he actually served in prison.

In summary, we affirm the revocation of Jacoby's probation on both counts and his sentence on count two. We reverse Jacoby's suspended sentence on count four of five years in prison to be served as five years of probation and remand for the trial court to impose the sentence with credit for time previously served in prison on that charge of grand theft motor vehicle.

Affirmed in part, reversed in part, and remanded.


SLEET and BADALAMENTI, JJ., Concur.