# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4096

_____

BARRY K. GORDON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

April 5, 2019

PER CURIAM.

Barry K. Gordon appeals an order denying his motion to correct illegal sentence. He argues that his fifteen-year sentence, imposed after his fourth violation of probation, exceeds the statutory maximum because time he spent on supervision should have been credited toward his sentence. Because the trial court properly denied relief, we affirm.

Gordon was charged with three counts of sexual battery on a child. For two of the counts, the child victim was under the age of twelve. She had reached the age of twelve when the third count of sexual battery was alleged to have occurred. One of the charged offenses was a first-degree felony punishable by up to 30 years in

prison. The remaining two counts were capital offenses, punishable by life sentences.

Gordon initially entered a plea of not guilty. But before trial, he entered a negotiated plea of nolo contendere, whereby the State agreed to dismiss two of the sexual battery counts and reduce the third to the lesser-included offense of attempted capital sexual battery. The State also agreed to recommend a downward departure sentence of two years of sex offender community control, followed by eight years of sex offender probation. The trial court accepted the plea and sentenced Gordon consistent with the State's recommendation.

Two years later after his sentence was imposed, Gordon was charged with violating probation by failing to report to his probation officer as required and moving from his approved residence without his probation officer's consent. The trial court found him in violation of probation and reinstated probation.

Three years later, Gordon was charged with a second violation of probation for moving from his approved residence without his probation officer's consent and failing to comply with his curfew. He admitted the violations and probation was reinstated.

A year later, Gordon was charged with a third violation of probation for moving without his probation officer's consent. He admitted the violation and his probation was modified to include an additional six years of supervision.

Four years later, Gordon was charged with a fourth violation of probation based upon his arrest for aggravated assault with a deadly weapon and failure to comply with his curfew. After an evidentiary hearing, he was found in violation of probation. The court revoked probation and sentenced Gordon to fifteen years in prison. The order revoking probation and imposing sentence was affirmed on direct appeal. *See Gordon v. State*, 232 So. 3d 325 (Fla. 1st DCA 2017) (Table).

Gordon then moved for post-conviction relief under rule 3.800(a), arguing that his sentence is illegal because his fifteen-year prison sentence, combined with the time he spent on

supervision, exceeds the thirty-year statutory maximum for attempted capital sexual battery. He asserts that when the fifteen-year prison sentence is added to his original ten-year supervisory sentence and the six-year extension of his supervision, his sentence exceeds thirty-one years.

The trial court properly denied Gordon's motion. After supervision is revoked and a prison sentence is imposed, a defendant is not entitled to credit against his prison sentence for the time previously spent on supervision for the same offense. *See State v. Cregan*, 908 So. 2d 387, 390-91 (Fla. 2005). An exception exists when a new term of supervision is imposed after a defendant violates a term of his supervision. In that case, an award of credit is required when necessary to ensure that the total term of supervision does not exceed the statutory maximum. *See State v. Summer*, 642 So. 2d 742, 744 (Fla. 1994). However, when a defendant's supervision is revoked, and he is sentenced to prison with no supervision to follow, this exception does not apply. *See Young v. State*, 697 So. 2d 75, 77-78 (Fla. 1997). This is true even if the new prison term combined with the previous supervisory sentence results in a total that exceeds the statutory maximum. *See id.* at 78.

Here, upon the fourth violation of Gordon's probation, he was sentenced to prison with no supervision to follow. Therefore, he was not entitled to credit for time served on supervision and the failure to award such credit does not render his sentence illegal. His fifteen-year sentence for attempted capital sexual battery is affirmed.

LEWIS, ROWE, and MAKAR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Barry K. Gordon, pro se, Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.