IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JARRED RASHAD BURGESS,

       Appellant,

 v.

STATE OF FLORIDA,

       Appellee.

_____/

Case Nos.  5D22-2761
             5D22-2762
             5D22-2763
LT Case Nos. 2020-CF-001032-A
              2019-CF-003193-A
              2021-CF-000533-A

Opinion filed July 21, 2023

Appeal from the Circuit Court
for Seminole County,
Melissa Souto, Judge.

Matthew J. Metz, Public Defender,
and Ryan M. Belanger, Assistant
Public Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Deborah A.
Chance and Roberts J. Bradford, Jr.,
Assistant Attorneys General,
Daytona Beach, for Appellee.

On the court's own motion, we withdraw the opinion released on June 16, 2023, in these consolidated cases and replace it with the following revised opinion.

LAMBERT, J.

In these consolidated appeals, Jarred Burgess challenges the trial court's orders revoking his community control in three cases below and the judgments and sentences thereafter imposed. Burgess was originally sentenced to concurrent probationary terms for several third-degree felonies in circuit court case numbers 2019-CF-3193 and 2020-CF-1032. Burgess then allegedly violated that probation; and while his violation of probation proceedings were pending, Burgess was charged with another third-degree felony[1] in circuit court case number 2021-CF-533. Upon revocation of Burgess's probation, by negotiated plea, the trial court imposed identical concurrent split sentences on all charges in all three cases for 181 days in jail (with 181 days of jail credit), six months of community control, and thirty-six months of drug offender probation.

Eight days after imposition of the sentences, Burgess's community

---

[1] Burgess was charged with several other offenses in circuit court case number 2021-CF-533, but the disposition of those charges is not pertinent to the instant appeal.

control officer filed an affidavit alleging that Burgess had violated his community control by failing to report and "absconding" from supervision. Following revocation of his community control, Burgess was sentenced by the court to serve a split sentence of thirty months in prison, to be followed by twenty-four months of drug offender probation, on all counts in each case, with the sentences to be served concurrently.

We affirm the revocation of Burgess's community control without further discussion. For the following reasons, we reverse the judgments and sentences in circuit court cases 2019-CF-3193 and 2020-CF-1032; and we remand with directions for the trial court to enter amended judgments and sentences that award Burgess credit, as outlined below, against his twenty-four-month drug offender probation sentences.

In *Waters v. State*, 662 So. 2d 332, 333 (Fla. 1995), the Florida Supreme Court held that when a trial court imposes a new term of probation as part of a split sentence following revocation, if the new term of probation, together with the other sanctions imposed, plus the time the defendant previously served on probation, totals more than the statutory maximum for the underlying offense, the trial court is to credit the defendant for time previously served on probation so that the total period of probation and imprisonment does not exceed the statutory maximum. *Waters* is applicable here.

3

In circuit court case numbers 2019-CF-3193 and 2020-CF-1032, Burgess had previously served more than six months of probation before his earlier term of probation in each case was revoked. When this total amount of probation previously served is added to Burgess's current split sentences of thirty months in prison, plus the new twenty-four months of drug offender probation, the aggregate total exceeds the statutory cap of five years[2] for his third-degree felonies. Accordingly, so that this statutory cap is not exceeded, Burgess is entitled to an award of probation credit for that amount of time in excess of six months that he had previously served on probation in these two cases.

We therefore reverse Burgess's judgments and sentences in circuit court case numbers 2019-CF-3193 and 2020-CF-1032. We remand with directions for the trial court to first calculate the specific amount of Burgess's prior probation served in excess of six months in these cases and to then enter amended judgments and sentences awarding Burgess this amount of probation credit against his respective twenty-four-month terms of drug offender probation. *See Adams v. State*, 207 So. 3d 252, 253 (Fla. 5th DCA 2016).

Lastly, as previously mentioned, this consolidated appeal includes a

---

[2] *See* § 775.082(3)(e), Fla. Stat. (2019).

third case. Burgess is also appealing the revocation of his community control in circuit court case number 2021-CF-533 and the resulting judgment and sentence. However, because Burgess had not previously been on probation in this third case prior to the imposition of his current split sentence, the above-described sentencing infirmity in his other two cases is not applicable.[3] Accordingly, we affirm Burgess's judgment and sentence in circuit court case number 2021-CF-533 in all respects.

AFFIRMED, in part; REVERSED, in part; REMANDED, with directions.

MAKAR and BOATWRIGHT, JJ., concur.

---

[3] We also note that the evidence at Burgess's trial showed that he never actually reported to his community control officer. As such, there is no separate community control credit to be computed and applied towards his new terms of probation in his cases. *See Jacoby v. State*, 215 So. 3d 168, 171 (Fla. 2d DCA 2017).