# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0699
Lower Tribunal Nos. 2024-CF-000258 and 2024-CF-000345

_____

PATRICK MICHAEL CRAIG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Hardee County.
Brandon J. Rafool, Judge.

June 5, 2026

KAMOUTSAS, J.

Patrick Michael Craig appeals his judgment and sentences following an order of probation that imposed a sentence of sixty months to be served concurrently for two third-degree felony (F3)[1] charges in two separate cases.

---

[1] Statutory maximum for a third-degree felony is five years. *See* § 775.082(3)(e), Fla. Stat. (2024).

At sentencing, the trial court orally pronounced that credit for time served for the associated misdemeanor charges would be awarded in both cases. The clerk's notes and the trial court's signature page in both cases reflected that Craig was to receive credit for time served. However, the written sentencing order and the order of probation did not reflect that Craig was awarded credit for time served for his felony charges. Craig moved the trial court to correct his sentences pending appeal, but since the trial court did not rule within sixty days, the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

On appeal, Craig argues that the omission of credit for time served in the written order of probation and sentences resulted in an illegal sentence that—when combined with the 60 months of probation—exceeded the statutory five-year maximum. The State concedes that Craig's sentences must be corrected on the basis that the written sentences and the order of probation did not conform with the trial court's oral pronouncement.

Under either rationale, a correction is required. *See Campbell v. State*, 380 So. 3d 1292, 1293 (Fla. 6th DCA 2024) (citing *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003) ("[W]hen conflict arises between the written sentence and the oral pronouncement, the oral pronouncement prevails.")); *Grissinger v. State,* 905 So. 2d 982, 984 (Fla. 4th DCA 2005) (holding that trial court must award credit for time served in jail awaiting trial against probation term so that combined time does not

2

exceed statutory maximum) (citing *Baldwin v. State*, 558 So. 2d 173, 174 (Fla. 5th DCA 1990)); *see generally State v. Summers*, 642 So. 2d 742, 744 (Fla. 1994) (discussing consideration of time served when imposing probation to ensure statutory maximum is not exceeded). Accordingly, the trial court's written judgment and sentences and the order of probation are reversed and remanded to conform with the oral pronouncement to reflect credit for time served.

REVERSED and REMANDED with instructions.

BROWNLEE and GANNAM, JJ., concur.

Blair Allen, Public Defender, and Maria Clarke, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Wendy Buffington, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED